(May 6, 1898.)

## WA-LA-NOTE-TKE-TYNIN v. CARTER.

[53 Pac. 106.]

JURISDICTION—INDIANS RECEIVING ALLOTMENTS OF LAND IN SEVERALTY ARE CITIZENS.—Under the provisions of section 6 of the act of Congress, February 8, 1897, providing for the allotment of lands to Indians, Indians of the Nez Perces tribe who have received and accepted allotments of land, and patents therefor, under the provisions of said act, are entitled to institute or defend actions in the state courts.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

Lane, Brown & Green, for Appellants.

We are to consider how far and to what extent the status of lands in an Indian country and Indians residing thereon has been effected by treaty and their occupying lands in severalty under trust patents as provided for in act of February 8, 1877. Sections 2147-2150 of the Revised Statutes of the United States provide for the formulation of rules for regulating possession of said lands. Rules 6633, 6634 and 6635 of the Regulations of Indian office in effect at present show to what extent such police authority is now exercised by the Indian Department. (See Allotment Law, 1 U. S. Stats., pp. 534 et seq. and 897.) Section 6 of former act makes them citizens, but we contend that their rights as citizens are not restricted but enlarged. That the United States still assumes a peculiar jurisdiction of those reservations and their inhabitants. (See Act of Con-

gress, January 30, 1897, 29 U. S. Stats. 506. See case of *Eells v. Ross,* 64 Fed. 417 and cases there cited; *United States v. Flournoy Livestock Co.,* 69 Fed. 886, 71 Fed. 576.)

James W. Reid, for Respondents.

Defendant's denial of the jurisdiction of the court raises the question as to what is the present status of the Nez Perces Indians since the treaty of October 31, 1892, and agreement of May 1, 1893, included in the act of Congress approved August 15, 1894. (28 U. S. Stats. at Large, 327.) Citizenship has been bestowed upon the Nez Perces Indians, and the only restriction is one imposed on their title to the allotted lands. (24 U. S. Stats. at Large, secs. 5, 6, p. 388; 28 U. S. Stats. at Large, p. 330, art. 449; 10 Am. & Eng. Ency. of Law, 411; Regulations of Indian Office of 1894, secs. 597-606; *United States v. Kagama,* 118 U. S. 375, 6 Sup. Ct. Rep. 1109; *Fellows v. Blacksmith,* 19 How. 366; *Langford v. Monteith,* 102 U. S. 145, *Utah etc. R. Co. v. Fisher,* 116 U. S. 28, 6 Sup. Ct. Rep. 246.)

HUSTON, J.—This is an action of ejectment. The plaintiffs and the principal defendant are Nez Perces Indians, who have received allotments of land in severalty, and patents for the land so allotted. A dispute as to boundary lines of the lands severally allotted to and patented to them having arisen between the plaintiffs and the principal defendant, the former brought their action of ejectment to recover the possession of the land in question, in the district court of Nez Perces county. To the complaint of the plaintiffs, defendants filed a demurrer raising the question of jurisdiction. Defendants (appellants here) insist that the state courts have no jurisdiction of either the parties or the subject matter. This is the only question involved in this case. The demurrer of appellants was overruled by the district court, and judgment entered in favor of plaintiffs, defendants having declined to answer. From this judgment appeal is taken by the defendants to this court.

Section 6 of the act of Congress of February 8th is as follows: "That upon the completion of said allotments and the patenting of the lands to said allottees, each and every member of the respective bands or tribes of Indians to whom allotments have

been made shall have the benefit of and be subject to the laws, both civil and criminal, of the state or territory in which they may reside; and within its jurisdiction to equal protection of the law. And every Indian born within the territorial limits of the United States to whom allotments shall have been made under the provisions of this act, or under any law or treaty, and every Indian born within the territorial limits of the United States who·has voluntarily taken up within said limits, his residence separate and apart from any tribe of Indians therein and has adopted the habits of civilized life, is hereby declared to be a citizen of the United States, and is entitled to all the rights, privileges, and immunities of such citizens, whether said Indian has been or not, by birth or otherwise, a member of any tribe of Indians within the territorial limits of the United States, without in any manner impairing or otherwise affecting the right of any such Indian to·tribal or other property." It seems clear to us, under the provisions of this section, that the Indians who have availed themselves of the provisions of said act, and complied with the exigencies thereof, have the same standing in the courts of the state as any other citizen of the United States. The judgment of the district court is affirmed, with costs.

Sullivan, C. J., and Quarles, J., concur.