(May 11, 1899.)

## CARTER v. WANN.

[57 Pac. 314.]

PLEADINGS — PRACTICE—DEMURRER—ANSWER.—Objections to a com-complaint that "the action is not brought in the name of the real parties in interest, as is shown by the face of the complaint"; "that the plaintiff has not legal capacity to sue in this action; that several causes of action have been improperly united"; "that the complaint is ambiguous, unintelligible and uncertain," must be taken by demurrer, or answer, and when not so taken will be deemed to be waived.

SAME—GENERAL DEMURRER.—When the complaint states a good cause of action, although joined with a cause of action that is demurrable, a general demurrer that the complaint does not state facts sufficient to constitute a cause of action, will not lie.

TRESPASS UPON LANDS OF INDIANS BY ALLOTMENT.—Indians holding lands by allotment are entitled to bring suit for trespass upon such lands.

(Syllabus by the court.)

APPEAL from District Court, Nez Perces County.

H. F. Burleigh, for Appellants.

A person cannot sue in his own right and also in a representative capacity in the same action. (1 Ency. of Pl. & Pr., 177; Bliss on Code Pleadings, c. 3, sec. 22, c. 9, sec. 117, c. 20, secs. 408, 413, 414.) Sections 1300 and 1301 and sections 1320, 1321 of the Revised Statutes of Idaho, and amendments thereto, are as much in force in this state as sections 1210 and 1211, and that said sections of the statute must be construed together, and that no damages can be recovered for trespass upon uninclosed lands of an individual. (*Logan v. Gedney,* 38 Cal. 579; *Rivers v. Burbank,* 13 Nev. 398; Idaho Rev. Stats., secs. 1300, 1301, 1320, 1321.) The land in question is government land, and will remain so for about twenty years yet, and plaintiff may never acquire title to the same. The land has never been segregated from the public domain. (Idaho Rev. Stats., c. 4, tit. 10; *Wolfskill v. Malajowich,* 39 Cal. 276; *Logan v. Gedney,* 38 Cal. 579.)

James W. Reid, for Respondent.

The record shows that William Carter was the owner and lawfully in possession of the land. This disposes of the error alleged, that he is not the real party in interest, or that several causes of action have been improperly united. The other objection that the plaintiff has not legal capacity to sue in this action was settled in this court by a recent decision. (*Wa-La-Note-Tke-Tynin v. Carter*, ante, p. 85, 53 Pac. 106.)

HUSTON, C. J.—This is an action brought in the justice's court, under the provisions of chapter 6, title 7, of the Revised Statutes. Section 1210 of the Revised Statutes provides as follows: It is not lawful for any person owning or having charge of sheep, to herd the same, or permit them to be herded, on the land or possessory claims of other persons, or to herd the same or permit them to graze within two miles of the dwelling-house of the owner or owners of such possessory claim." Sections 1211 and 1212 provide for the recovery of damages by the party injured by a violation of said section 1210. The plaintiff is a Nez Perces Indian, holding lands by allotment under the treaties between said Nez Perces Indians and the United States government.

The plaintiff's complaint alleges "that, during all the times hereinafter mentioned, he was and now is the owner and lawfully in possession of all that certain real estate situated in the county of Nez Perces, state of Idaho, and described as follows: Lots 14, 15, 16, 23, and 32, section 6, township 35 north, range 3 west, Boise meridian, containing one hundred acres, belonging to William Carter; lots 22, 33, 34, and 35, section 6, township 35 north, range 3 west, Boise meridian, containing eighty acres, allotted to Mary Carter, deceased; lots 8, 9, 24, and 25, section 5, lot 36, section 6, township 35 north, range 3 west, Boise meridian, containing one hundred and twenty-nine one-hundredths acres, allotted to Ip-nah-san-lah-kuskt; lots 6, 7, 12, 13, 24, 25, 30, and 31, section 6, township 35 north, range 3 west, Boise meridian, containing one hundred and sixty acres, allotted to Elizabeth Carter." Then follows the allegation of

the trespass, the damage, and the prayer for judgment. No demurrer appears to have been filed to the complaint. The defendants answered separately, denying all the allegations of the complaint. The answers are identical. The record does not show the result of the trial in the justice's court, nor which party brought the case into the district court; but in the district court the cause was tried *de novo* without any alteration in, or amendment of, the pleadings filed in the justice's court. The cause was tried in the district court with a jury, who rendered a verdict in favor of plaintiff for the sum of $100; and it is from the judgment entered upon said verdict, and the order overruling defendants' motion for a new trial, that this appeal is taken. At the trial in the district court the defendants objected to the introduction of any evidence, under the complaint, upon the following grounds: "1. That the action is not brought in the name of the real parties in interest, as is shown on the face of the complaint; 2. That the plaintiff has not legal capacity to sue in this action; 3. That several causes of action have been improperly united; 4. That the complaint does not state facts sufficient to constitute a cause of action; 5, That the complaint is ambigous, unintelligible, and uncertain." These objections were all overruled by the court, and the action of the court therein is the first assignment of error by appellants.

Section 4174, chapter 3, title 6, of the Revised Statutes, gives the various grounds of demurrer to the complaint permissible under the Code of Civil Procedure, and section 4178 provides that, "if no objection be taken, either by demurrer or answer, the defendant must be deemed to have waived the same excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." To avail himself of objections 1, 2, 3, and 5, as above enumerated, the appellants should have raised them by demurrer, either in the justice's court or in the district court, when the cause came on for trial *de novo*. Not having elected to do so, they are deemed waived. As to the fourth objection, it is the recognized rule that, if a single cause

of action is sufficiently stated in the complaint, this objection will not lie, or, rather, this ground of demurrer cannot obtain. It must be conceded, we think, that as to the one hundred acres of land, which the plaintiff claims to own in his own right, a good cause of action is shown, and this cause of action is not invalidated or impaired by being united with a cause of action which is demurrable. We think the ruling of the district court upon this question was correct.

There are several exceptions taken to the admission of evidence, but we are unable to find any prejudicial error in the ruling of the court thereon. Exception is taken by appellants to certain instructions to the jury, given by the court. The instructions excepted to are a simple *verbatim* recital of the statute. If objectionable, the objection should be urged against the legislature, which enacted the law, and not against the court which administered it.

The appellants' objection that plaintiff cannot recover in this action, because he has neither the constructive nor actual possession of the lands is not maintainable. This question was considered and decided by this court in the case of *Wa-La-Note-Tke-Tynin v. Carter,* ante, p. 85, 53 Pac. 106. As to the questions of fact in the case, while the evidence is somewhat conflicting, we think there is sufficient to support the verdict of the jury. The judgment and order of the district court are affirmed, with costs to the respondent.

Quarles and Sullivan, JJ., concur.