(May 27, 1901.)

## DALY v. JOSSLYN.

### [65 Pac. 442.]

CONTRACT—SPECIFIC PERFORMANCE—PERSONAL OBLIGATION.—A contract agreeing that the claimants to the water of a certain stream should own and use them equally, one-third each, and that a party thereto violating the same should pay the party injured the sum of $1,000, one of the parties sold the land to which his water right was appurtenant, to J., who did not assume the obligations of said contract. *Held*, that specific performance of said contract could not be decreed.

SPECIAL FINDINGS IN EQUITY CASE—INSTRUCTIONS TO THE JURY—REVIEW ON APPEAL.—Where special findings are submitted to a jury, under instructions of the court, in an equity case, the correctness of such instructions will not be reviewed upon appeal. Affirming *Kelly v. Perrault*, 5 Idaho, 221, 48 Pac. 45, affirmed.

Idaho, Vol. 7—42

EVIDENCE—DECLARATIONS OF OWNER IN POSSESSION.—Declarations made by the owner, while in possession, adversely to his title is admissible in evidence against himself, and those claiming under him.

(Syllabus by the court.)

APPEAL from District Court, Blaine County.

Lyttleton Price, for Appellant.

The finding of the trial court is that he, Kimbrough, had only constructive notice by the record. That being a purchaser in good faith, for value, without notice of the contract, he is not bound by its terms. This raises at once the question of the nature of the contract and whether its record gave constructive notice of its contents. Constructive notice of the contents of recorded instruments is purely a creature of the statute. (Rev. Stats. sec. 3000.) This is in form an equitable action. Applying the rule in equity to the facts here, the action is barred. There was always an active acquiescence in the use of the water by Kimbrough as far as Goble was concerned. He knew Kimbrough was using it. He did not deny his right to use it. He asked several times, as a favor, that it be turned down to him. He bought and in other ways secured water from other sources; and he even rented the Galbraith land to secure what water might otherwise have been taken upon it for the avowed purpose of getting it for use on the Goble land. When asked at the trial why he did so, and why he did not demand his right to the third of Seaman's creek, here claimed by him, he does not answer the question. Here was an executory contract stipulating that a certain thing should be done by all the parties to it. It undoubtedly contemplated that it should be done soon. It was not the duty of any one of the parties to do it; neither one was under any obligation to the others to put it into effect. The evidence established full acquiescence. It further establishes laches in asserting any rights under the agreement. (*Peters v. Delaplaine,* 49 N. Y. 362; Wood on Limitations, 157, 163; *Fletcher v. Peck,* 6 Cranch, 136.) Section 2023 of the Revised Statutes of Idaho, provides what instruments may be recorded. It omits executory

contracts. The record of an executory contract does not impart notice of its contents. (Wade on Law of Notice, sec. 122; *Messic v. Sunderland,* 6 Cal. 297; *Washburn v. Burnham,* 63 N. Y. 135.)

R. F. Buller and E. F. Ensign, for Respondents.

Where the transcript does not contain all of the evidence introduced at the trial in an equity case the appellate court will not resolve itself into a trial court and review the evidence. This seems to be a well-settled rule of equity practice which prevails in all of the states as well as in England. (*Ragains v. Geiser,* 10 Okla. 544, 63 Pac. 687; *Riborado v. Quang Pang Min. Co.,* 2 Idaho, 144, 6 Pac. 125; *Cochrane v. Bussche,* 7 Utah, 233, 26 Pac. 294; *Enos v. Wilcox,* 3 Wash. 44, 28 Pac. 364; *M. K. & T. R. R. Co. v. Williamson,* 58 Kan. 814, 49 Pac. 157; *Hardwick v. Rutter,* 5 Kan. App. 692, 49 Pac. 98; *Territory v. Roberts,* 9 Mont. 12, 22 Pac. 132; *Roy v. Union Merc. Co.,* 3 Wyo. 417, 26 Pac. 996.) Where the bill of exceptions contains no specification of the particulars wherein a finding is not justified by the evidence, the finding must be deemed conclusive. (*Hurlburt v. Spaulding,* 93 Cal. 55, 28 Pac. 795; *Hartman v. Rogers,* 69 Cal. 643, 11 Pac. 581; *City v. Pacific Bk.,* 89 Cal. 23, 26 Pac. 615, 835; *Bass v. Buker,* 6 Mont. 442, 12 Pac. 722; Idaho Rev. Stats., sec. 4441, subd. 4.) A written agreement as to a water right, acknowledged and recorded, is valid against all the world, and even a parol agreement partly performed gives a right to specific performance in favor of any grantee of the land intended to be irrigated by such water. (Idaho Rev. Stats., secs. 2024, 2825, 2990, 3000-3002; *Stowell v. Tucker,* ante, p. 312, 62 Pac. 1033; *Pallette v. Murphy,* 131 Cal. 192, 63 Pac. 366-367; *Male v. Leflang,* ante, p. 348, 63 Pac. 108.) In order to establish title by limitation, open, notorious, continued, uninterrupted, hostile, adverse possession for the statutory period must be shown. (*Hurd v. McClellan,* 1 Colo. App. 327, 29 Pac. 181; *Wimer v. Simmons,* 27 Or. 1, 39 Pac. 6, 50 Am. St. Rep. 685, and cases cited; *Bath v. Valdez* (Cal.), 7 Pac. 487; *In re Grider,* 81 Cal. 571, 22 Pac. 908; *Kerns v. Dean,* 77 Cal. 555, 19 Pac. 817; *Rix v. Horstman,*

93 Cal. 503, 29 Pac. 120.) Any interruption of adverse user, however slight, will prevent the acquisition of title by prescription. (*Bree v. Wheeler,* 129 Cal. 145, 61 Pac. 782; *American Co. v. Bradford,* 27 Cal. 368.) Specific performance is often decreed after a lapse of time much greater than the period of the statutes of limitations. Thus in *Taylor v. Longworth,* 14 Pet. 172, a decree was granted after thirteen years. In *Cleaver v. Taylor,* 98 Fed. 900, after eight years. See, also, *Gunton v. Carroll,* 101 U. S. 426; *Cheney v. Libby,* 134 U. S. 68, 10 Sup. Ct. Rep. 498.) There was no fraud upon Josslyn. There were the headgates and the open ditches on the Galbraith and Goble ranches. They were being used and their mere existence was sufficient to put him upon inquiry as to their owners' rights to the waters of the creek. (*Cooper v. Thomason,* 30 Or. 161, 45 Pac. 296; *Neponset v. Dixon,* 10 Utah, 334, 37 Pac. 573.)

QUARLES, C. J.—This action was commenced by the respondents, as plaintiffs, to obtain a decree for the specific enforcement of a contract or agreement made and entered into by and among three different parties, viz., Simpson Goble, Asa M. Kimbrough, and Jennie B. Galbraith, on the seventeenth day of December, 1891, for the purpose of compromising and settling litigation among themselves then pending to settle the rights of said parties in and to the waters of that certain stream in what is now Blaine county, known as "Seaman's Creek." In said agreement it was agreed that the waters of said creek should be equally divided among said three parties, with the exception of one hundred and fifty inches therein agreed to belong to the city of Bellevue, and that said parties should place a box or flume, with division boards inserted therein, in said creek, as near as practicable to the head of the ditches then and theretofore used by said Kimbrough. It was also agreed in said agreement, which was in writing, that each of said parties should be bound in the penal sum of $1,000 for the faithful performance of said agreement, which sum might be recovered, by the party injured, against the party or parties violating said agreement. This agreement, while signed

by each of said parties named, does not appear to have been acknowledged in the manner required by the statute for the acknowledgment and certification thereof of deeds of conveyance, yet the same appears to have been recorded in the recorder's office of said county. Afterward the appellant, Josslyn, in 1898 purchased the lands of said Kimbrough from him, and has occupied the same from that time, and has claimed and now claims the right to use all the water in said Seaman's creek, without any regard whatever to the rights of the other claimants. It also appears from the record that the respondent, R. F. Buller, by purchase under a decretal sale under a decree foreclosing a mortgage, has succeeded to the rights of the said Goble in and to the lands occupied by him at the date of said agreement, and by him watered and irrigated with water from said Seaman's creek. It also appears from the record that the respondent Daly has succeeded by purchase, since the date of said agreement, to the lands occupied by said Galbraith, and by her watered and irrigated with water from said Seaman's creek. It is contended on behalf of the appellant, Josslyn, that said agreement is not binding upon him; that he purchased without actual notice thereof; that the recordation of said agreement did not, under the circumstances, give him constructive notice of said agreement. Said appellant also claims to have obtained the right to use all of said waters by adverse user, and claims to have obtained the right to do so by prescription.

A careful study of the record shows that Kimbrough, the predecessor in interest of appellant, never claimed more than one-third of the waters of said stream adversely, as against the respondents, Buller and Daly, and their predecessors in interest, said Goble and Galbraith. Appellant has, however, claimed said waters adversely to the respondents since June, 1898, and has largely, if not wholly, deprived respondents of the use of said waters. There is no merit in appellant's contention that he has obtained the right to the use of said waters by prescription or adverse user under our statutes, and his plea of the statute of limitations must fall.

We are of the opinion that respondents were not entitled to a decree of specific performance of the contract above mentioned against the appellant. That contract contained personal obligations which the appellant is not shown to have assumed. The prayer of the complaint in this action, besides asking for a decree of specific performance, prays for judgment of perpetual injunction against appellant, enjoining and restraining him from taking, using, or interfering with any of the waters of said creek, other than one-third thereof left after deducting therefrom the one hundred and fifty inches admitted to be owned by the town of Bellevue. The record shows that the trial court called to its aid a jury, which brought in a special verdict, in the way of answers to certain questions propounded to them by the court. The record also shows that the court gave the jury certain instructions, which are complained of by appellant, and we are asked to pass upon said instructions. This court held in the case of *Kelly v. Perrault,* 5 Idaho, 221, 48 Pac. 45, that it would not, upon appeal, review the instruction given the jury in an equity case like this. We there held that the findings in that case being only advisory, and not binding upon the court, which could reject or adopt the same, such instructions were immaterial; and the rule there announced we affirm here. Appellant contends that the agreement mentioned above is an executory contract, and is not evidence of the title of respondents to the right to use the waters of said Seaman's creek. This contract is not a conveyance—nor can it be regarded as such—of the water rights asserted by respondents. It is a well-recognized rule, however, that compromises of pending litigation shall be encouraged by courts; and, while the contract in question cannot be treated as a conveyance to the respondents, yet it is, and should be regarded as, evidence of the rights of the parties in and to the waters in dispute, as recognized among themselves. The rights to which the appellant succeeded by reason of his purchase from Kimbrough- are those which Kimbrough had, and none other. The agreement in question is a solemn declaration made by the owners at the time they are shown by the record to have been in the actual possession of the realty in question;

and their declarations, made while in such possession, adversely to their respective interests, are evidence against them and all parties subsequently holding under them. For these reasons, said agreement is competent evidence, and is relevant to a determination of the rights of the parties in and to said waters.

A careful examination of the record convinces us that substantial justice has been done in this case, but, for the reasons above given, the decree of the district court should be modified. The cause is remanded to the district court, with instructions to modify the decree entered by the trial court in this cause by striking and eliminating therefrom that portion thereof decreeing a specific performance of said contract, and by providing that the one-third of the water of said stream, after deducting therefrom the one hundred and fifty inches belonging to the town of Bellevue, to which the appellant is entitled, be measured to him at the head of his ditch or ditches, and the balance equally divided between respondents Daly and Buller; and in all other respects the decree appealed from is affirmed. Under the circumstances in this case, we feel that the costs of this appeal should be borne equally, one-third to each, by the appellant, Josslyn, and by the respondents Buller and Daly, and it is so ordered.

Sullivan, J., concurs.

Stockslager, J., did not sit at the hearing, and took no part in the decision of this case.

ON REHEARING.

(June 26, 1901.)

Per CURIAM.—The appellant has filed a petition for rehearing, in which it is insisted that the sole relief demanded by the plaintiff in this action was the specific performance of the agreement mentioned in the original opinion. This contention is not sustained by the record. One of the grounds of relief for which the action was brought was to obtain a perpetual injunction restraining the defendant, Josslyn, from taking or using more than one-third of the waters of Seaman's creek, after de-

ducting the one hundred and fifty inches belonging to the city of Bellevue, and from interfering with the use of the plaintiffs of the other two-thirds of the waters of said creek. Plaintiffs in their complaint alleged an appropriation, diversion and use of said waters by themselves and their predecessors in interest, and these facts were denied by the defendant in his answer. For a second and separate defense the defendant pleaded and relied upon the statute of limitations as a bar to the recovery of the relief demanded by the plaintiffs. And for a third and separate defense the defendant pleaded a right to the use of said waters, and title thereto by prescription, based upon adverse user. And the defendant alleged in his answer that "the plaintiffs claim some interest in said water now adversely to this defendant, but that said claim is without foundation in fact or in law, and that whatever claim they or either of them may have had' has become, and is, barred by the statute of limitations." The prayer to said answer is in part as follows: "This defendant further prays that his title to the waters of Seaman's creek be be quieted as against each and all of these plaintiffs, and that they, and each of them, be enjoined from asserting any title to any of the said waters, or from in any manner interfering with this defendant in the use of the same, and for such other and further relief as may be equitable and proper in the premises." Considerable evidence was introduced by both plaintiffs and defendant in support of their claims to the waters of said creek. Counsel for the appellant, Josslyn, introduced records showing a chain of conveyances of water rights from the original appropriators down to the appellant. There is nothing in the contention that this action is exclusively for the purpose of obtaining a decree for the specific performance of said contract. Each party sought to have his water right settled and determined.

The only two errors in the decree rendered by the lower court, and which we felt it our duty to modify and correct, are the following:

1. The striking out of the decree the following: "It is further ordered, adjudged and decreed that the said contract be specifically performed by the said parties plaintiff and defendant, and that the said Josslyn make, or assist in making, or permit the

plaintiffs to make such division of the waters of said stream, in the channel thereof, at a point as near as practicable to the head of the ditches heretofore on the seventeenth day of December, 1891, used by the said Asa M. Kimbrough for irrigating his said land, by putting in a box or flume, with division boards inserted therein, so that one hundred and fifty inches, or three cubic feet, and two-thirds of the remainder of the waters of said creek shall flow unobstructed down the channel thereof over and past the defendants' said lands."

2. By adding to the words, "and that the defendant, Josslyn, as successor in interest to the said Asa M. Kimbrough, is entitled to the remaining one-third of the waters of said creek, less the one hundred and fifty miners' inches aforesaid," the words, "measured at the head of his ditch," and by inserting like words in the paragraph relating to the water allotted to the plaintiffs.

We held in the case of *Stickney v. Hanrahan,* ante, p. 424, 63 Pac. 189, that a decree distributing water which fails to specify that the water is to be measured at the point of diversion is imperfect, and would be, upon appeal, modified in that respect. The decree as modified is within the issues made by the pleadings, and the rehearing asked is denied.

Stockslager, J., took no part in this decision.