'(June 3, 1901.)

## GORDON v. LEMP.

[65 Pac. 444.]

MOTION TO DISMISS—CROSS-ASSIGNMENT OF ERRORS.—When a re-
spondent has properly saved exceptions and is in a position to
present cross-assignments of error, such assignments must be pre-
sented within the time allowed for presenting amendment to a
statement on motion for a new trial.

DEMURRER—*Held*, that the complaint stated a cause of action.

CREDITOR'S BILL.—PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—
When proceedings supplementary to execution as provided in
chapter 2, title 9, of the Revised Statutes, will not result in the
application of the judgment debtor's property or money in the
payment of the judgment, a creditor's bill will lie in favor of the
judgment debtor. In such cases those proceedings are not ade-
quate, and cannot accomplish the purpose of a creditor's bill.

JUDGMENT.—It is not error to enter judgment in an action com-
menced by creditor's bill for the full amount or value of the
judgment debtor's property found to be in the hands of the de-
fendant.

SPECIAL VERDICT OF JURY.—The court may make findings of fact
of its own and adopt the special findings of the jury so far
as they are not inconsistent with those of the court.

ADVISORY VERDICTS.—When a jury is called in an equity case and
a special verdict rendered by it on instructions given by the court,
such instructions are not reviewable on appeal as such verdict is
only advisory, although such instructions should not be given.
(Syllabus by the court.)

APPEAL from District Court, Elmore County.

Wyman & Wyman and W. E. Borah, for Appellant.

We contend that a sufficient legal remedy was afforded in
this case by the statute providing for proceedings supplemental
to execution, and that that course must be pursued. In other
words, the proceedings supplemental to execution, under our
practice, takes the place of a creditor's bill at common law.
(*Adams v. Hackett*, 7 Cal. 187-201; *McCullogh v. Clark*, 41 Cal.
298-302; *Bank v. Robinson*, 57 Cal. 520; *Rand v. Rand*, 78 N. C.
12.) The complaint is entirely insufficient. Before equity can
be invoked in such a case, it must be shown that remedies at

law have been exhausted or would be unavailing; and with certain exceptions, of which the case at bar is not one, a necessary averment in a creditor's bill is that an execution has been returned unsatisfied. (*Herrlich v. Kaufmann,* 99 Cal. 271, 37 Am. St. Rep. 50, 33 Pac. 859; *Castle v. Bader,* 23 Cal. 76; *Hager v. Shindler,* 29 Cal. 48-58; *Harris v. Taylor,* 15 Cal. 350; *Brown v. Farrowell,* 74 Fed. 764.) Third persons supposed to have assets of the debtor in their possession may be made parties defendants with him and required to answer. (7 Am. & Eng. Ency. of Law, 160; Freeman on Executions, 410.)

Frank Martin, Hugh E. McElroy, Wood & Wilson, D. D. Williams and Bamford Robb, for Respondents.

The demurrer admits that plaintiffs have *bona fide* judgments against defendant Conner. It also admits that the transaction between Lemp and Conner was nothing but a chattel mortgage, consisting as it did of a bill of sale and note given for some consideration. (*Pritchard v. Butler,* 4 Idaho, 518. 43 Pac. 73.) Statutory proceedings supplementary to execution are not exclusive of the jurisdiction of equity over creditors' bills to remove fraudulent transfers and to reach equitable assets. (*Williams v. Sexton,* 19 Wis. 42; *Swift v. Arents,* 4 Cal. 390; *Burt v. Hoettinger,* 28 Ind. 217; *Bennett v. McGuire,* 58 Barb. 625; *Pope v. Cole,* 64 Barb. 406; *Taylor v. Perses,* 15 How. Pr. 417; *Taft v. Wright,* 47 How. Pr. 1; *Goodyear v. Betts,* 7 How. Pr. 187; *McKeitan v. Walker,* 66 N. C. 95; *Abbey v. Commercial Bank,* 31 Miss. 434; *Martin v. Atchinson,* 2 Idaho, 624, 33 Pac. 47; *Sabin v. Burke,* 4 Idaho, 28, 37 Pac. 352.) We think the amended and supplemental complaint sufficiently states a cause of action. (*Rapp v. Whittier,* 113 Cal. 429, 45 Pac. 703; *Matlock v. Babb,* 31 Or. 516, 49 Pac. 873; *Enright v. Grant,* 5 Utah, 334, 15 Pac. 269; *Monroe v. Reid.* 46 Neb. 316, 64 N. W. 983; *Feldenheimer v. Tressel,* 6 Dak. 265, 43 N. W. 94.) The record in this case is encumbered with certain instructions to the jury as well as the special findings submitted to them by the court. This being an equity case, the findings of the jury are purely advisory, and these instructions and findings are wholly immaterial. (*Kelly v. Perrault,* 5 Idaho, 221, 48 Pac. 45; *Schneider v. Brown,* 85 Cal. 206, 24 Pac. 715;

*Hewlett v. Pilcher,* 85 Cal. 542, 24 Pac. 781; *Riley v. Martinelli,* 97 Cal. 575, 33 Am. St. Rep. 209, 32 Pac. 579.)  A pleader is supposed to know his case and state it as it is, and it is a well-known rule of law that a pleading will be most strongly construed against the pleader.  Furthermore, the failure to deny a material issue is an admission of it, and the admission is conclusive evidence of the fact.  (*Lillienthal v. Anderson,* 1 Idaho, 673; *Burke v. McDonald,* 2 Idaho, 339, 3 Pac. 351.)

SULLIVAN, J.—This action is in the nature of a creditors' bill, whereby creditors of defendant Conner sought to subject a certain stock of merchandise which was in the possession of appellant Lemp, to the payment of their judgments against Conner.  It is alleged in the complaint: That the defendant Conner on March 25, 1896, was the owner of and in the possession of a stock of merchandise, furniture, and fixtures situated in Boise City, and was there conducting a retail mercantile business, and on that date executed to appellant, Lemp, a certain promissory note for $7,740; with interest due one day after date, and also at the same time, and for the same consideration, executed to appellant, Lemp, a written contract, marked "Exhibit 'A,'" purporting thereby to sell and convey to said Lemp said stock of merchandise.  That said contract had attached thereto the affidavit and acknowledgment of defendant Conner, as required by law in case of chattel mortgage.  That said contract has never been filed for record, and had been kept secret and was not disclosed to plaintiffs until after the delivery of the possession of said stock of merchandise by said Conner to appellant, Lemp, on or about the eighteenth day of November, 1896.  That said possession was demanded and received under and by virtue of said contract, Exhibit "A."  That by the terms of said contract the said Conner was appointed the agent of Lemp to take charge of said property, to hold and dispose of the same in regular course of trade, and to keep up said stock of goods, as near as could be, to its then quality and value, and every six months to render an account and pay over to said Lemp all the receipts arising from the sale of any of said merchandise, less the actual expense of carrying on and operating

said business. That Conner remained in possession of goods from March 25, 1896, to November 18, 1896, conducting a retail business therewith, and added goods thereto by purchases amounting to $8,000; $3,042.70 thereof being included in the judgments against Conner aforesaid. That execution was duly issued on several of said judgments against the property of Conner, and returned *nulla bona.* That Conner remained in the possession of said stock of goods until November 18, 1896, at which time he was insolvent and hard pressed by his creditors, which Lemp well knew, and thereupon Lemp demanded and received from Conner the possession of said stock of goods, together with the goods purchased by said Conner subsequent to the execution of the said contract dated March 25, 1896, and that the value of the goods so purchased by Conner and delivered to Lemp was $4,500. That Lemp had never foreclosed said contract as a chattel mortgage. That, after taking possession thereof as aforesaid, he engaged in selling the same at retail, and so continued to the date of the commencement of this action, and refused to account for the proceeds thereof either to Conner or the plaintiffs, and that Lemp had realized from said sales the sum of $14,000, and that a considerable portion of said goods remained unsold and unaccounted for to Conner. That said contract and promissory note were executed and kept secret for the purpose of enabling Conner to continue in business while insolvent, purchasing goods on credit, and applying the proceeds of sales to his own use, until such time as Lemp should consider himself insecure, when he should claim and take possession thereof under said contract; the same to be taken in consideration of any balance due Lemp. That, in pursuance of said purpose, Conner made purchases from plaintiffs without revealing the existence of said contract, thereby keeping his stock replenished, and continued in business, and converted the proceeds of sales to the amount of $5,000 to his own use, all of which was done with the knowledge and consent of Lemp. That on the eighteenth day of November, 1896, Conner delivered his books of account kept in said business to Lemp, which books evidence accounts due to said Conner to the amount of $800, and that Lemp claims to be the owner thereof. That

said transfer is without consideration and in trust for Conner. Plaintiffs pray that said contract be adjudged to be a chattel mortgage upon the property described therein, and not upon the subsequent additions thereto, and that the court determine the amount of the consideration of said mortgage, and the balance due thereon; that the court adjudge said mortgage void as against the claims of plaintiffs, and that plaintiffs' claims be adjudged to be a prior lien upon the whole of the property turned over to Lemp on November 18, 1896, as well as upon the proceeds thereof received by him; that the court determine the priority of liens as between plaintiffs and Lemp, and that Lemp be required to account for said property; that a receiver be appointed to take charge of the remaining part of said property; and that judgment be entered against Lemp for such an amount as he shall properly be chargeable with. To the complaint a general demurrer was interposed, and overruled by the court. Thereupon appellant, Lemp, answered, and put in issue most of the material allegations of the complaint. The answer avers that the consideration for said promissory note was not less than $7,740—the amount specified in said note. Denies that said contract was kept secret. Admits that he took possession of said stock of goods under said contract of March 25, 1896, and avers that at the time he took possession thereof Conner was indebted to him to the full value of said goods, to wit, about $8,000, and that said goods were taken in good faith in full payment of said indebtedness; that said transfer was solely for the purpose of satisfying said indebtedness, and for no other purpose. Denies, on information and belief, that the merchandise added to said stock by purchases made by Conner subsequent to the twenty-fifth day of March, 1896, and alleged to have been taken possession of by Lemp, was of the value of $4,500. Admits that defendant has not formally foreclosed said contract, and that he has not accounted either to Conner or the plaintiffs for any sales or proceeds arising from the sales of said goods, and avers that he was not bound to account to them, or either of them, as said goods by said transfer became solely and absolutely the property of the defendant Lemp, together with said book accounts. Denies that he had

realized from the sales of said goods the sum of $14,000, or any greater sum than $8,000. It appears that a bill of sale for said stock of goods was executed by Conner to Lemp, dated November 18, 1896—the date on which Lemp took possession of said goods; but it is admitted by the answer that he took possession of said goods under and by virtue of the contract dated March 25, 1896. The foregoing is a sufficient statement of the contents of the pleadings for the purpose of this decision. The cause was tried by the court with a jury. Particular questions of fact were submitted to the jury, and a special verdict rendered. The court adopted certain findings of the jury, and made others, and entered judgment for the plaintiffs for the full amount of the judgments against Conner, and all costs incurred in securing such judgments. A motion for a new trial was interposed and overruled. This appeal is from the judgment and order denying a new trial.

Counsel for respondents move this court for an order permitting them to file, as a part of the transcript in this case, to be used on this appeal, certified copies of all papers used on the hearing of a certain motion made in the court below to strike defendant Lemp's answer from the files, which motion was denied by the court. Said motion was thereafter renewed, and denied by the court, to which ruling counsel duly excepted. When counsel for appellant presented the transcript to counsel for respondents for certification, they requested that there be attached to such transcript all papers upon which said motion was heard by the trial court, thereby making them a part of the transcript for the purpose of enabling counsel for respondents to assign the ruling of the court on said motion as a cross or counter assignment of error, which request was denied; and counsel now ask that they be permitted to file said papers as a part of this transcript, and thus enable them to present to this court a cross-assignment of errors. The exception sought to be presented in this case was not saved by the provisions of the statute, nor was it saved in a bill of exceptions. The respondents can no more have an exception reviewed on appeal than can an appellant, unless the same is saved by the statute, or saved in a bill of exceptions as provided by law. As the stat-

ute does not save such an exception as that sought to be presented, and as it was not saved in a bill, there is nothing on which to base a cross-assignment of errors. Hence the motion must be denied, and it is so ordered. If a litigant has saved his exceptions, and is in a position to present cross-assignments of error, they must be presented within the time allowed for presenting amendments to a statement on motion for a new trial.

Counsel for appellant assign as error the overruling of the demurrer to the complaint. It is contended that the complaint does not state a cause of action against appellant, from whatever view this action may be considered, or whatever view may be taken of the contract dated March 25, 1896, and marked and often referred to as "Exhibit 'A' "; that the facts set out in the complaint show that the appellant was directly and primarily liable for the goods purchased between March 25, 1896, and November 18, 1896, as by the terms of said Exhibit "A" Conner was made the agent to conduct said business, and to purchase goods with which to replenish said stock of goods. That being admitted to be true for the purposes of the demurrer, it is contended that the goods having been purchased by Conner, the agent of appellant, and accepted, received, and realized on by Lemp, there was no need to follow the goods with a creditors' bill in a court of equity, especially when Lemp is perfectly solvent; that the respondents had a plain, speedy, and adequate remedy at law in a suit upon an account against Lemp. It is also contended that a sufficient legal remedy was afforded by the statute providing for proceedings supplementary to execution, and that such proceedings are exclusive, and must be pursued in this matter. Considerable authority is cited in support of that proposition, and, no doubt, proceedings supplemental to execution must be followed, when they afford full and complete relief; but the provisions of section 4510 of the Revised Statutes, found in chapter 2, title 9, entitled "Proceeding Supplementary to Execution," clearly indicate that cases may arise in which such proceedings will not afford relief; and it is provided that, if the person alleged to have money or property of the judgment debtor claims an in-

terest in the money or property adverse to the debtor, the court or judge may authorize the judgment creditor to institute an action for the recovery of such property or debt. Under such proceedings, when a third person claims an interest in the property alleged to belong to the judgment debtor, such proceedings end, and an action is necessary to determine the ownership of such property. The contract, Exhibit "A," on its face is a bill of sale, and under the evidence the court found that it was a chattel mortgage. It being a bill of sale on its face, the respondents were justified in assuming that, appellant having taken possession under it, he claimed an interest in said goods adverse to Conner, and that proceedings supplementary to execution would not result in the application of such goods, or the proceeds thereof, to the payment of their judgments against Conner; and the record clearly shows that a proceeding supplementary to execution would have accomplished nothing. We think the correct rule applicable to this class of cases was laid down in *Rapp v. Whittier,* 113 Cal. 429, 45 Pac. 703. It was there held that since the defendant asserted title under the transfer of the personal property referred to in said case, which was a bill of sale, and adversely to the judgment debtor, it would have profited plaintiffs nothing to pursue the course provided by the statute; for, in the face of defendant's claim of title, they could not by supplemental proceedings reach the fund held by appellant, who was defendant in the court below. It is there stated as follows: "In such cases those proceedings do not supersede the remedy by action, for the reason that they are not adequate to accomplish the purpose of the action." In the case at bar, proceedings supplemental to execution would not have resulted in subjecting said goods, or the proceeds thereof, to the payment of respondents' judgments against Conner, as it was necessary for a court of equity to determine the effect of said contract—whether it was a bill of sale, as it appeared on its face, or whether it was a chattel mortgage given for the security of said promissory note of $7,740 given by Conner to Lemp.

It is also contended that the court erred in rendering judgment against appellant for costs of procuring judgments against Conner, as all that respondents are entitled to, at most,

is the property of Conner. As we read the record, the trial court found that there was amply sufficient of said stock and book accounts (which are found by the court to belong to Conner) to pay the entire judgments of respondents against Conner, and all costs in procuring the same. Conner's property in the hands of Lemp is thus shown to be amply sufficient to pay the judgment against Lemp. That being true, it was not error to render judgment against him for the full amount of said judgments against Conner, including the cost of procuring the same.

It is also contended that the evidence shows that the appellant made a valid purchase of, and took possession of, said stock of goods on November 18, 1896. Upon a careful examination of the evidence, we are of the opinion that the court did not err in finding that appellant was in the possession of said goods as mortgagee of Conner, and that Conner was the owner thereof. It is true, the jury, by special verdict, found that on the eighteenth day of November, 1896, Conner sold and delivered to appellant the stock of goods in question. They also found that said sale was not made in good faith and for a valuable consideration. The court adopted the special findings of the jury as its own, as stated by the court, to wit, "so far as the same are not inconsistent." We construe that expression, from the findings of the court, to mean that the court adopted the special findings of the jury so far as they were not inconsistent with the findings made by the court.

Attention is called to the fact that the instructions given to the jury treated this transaction as a sale from Conner to the appellant, and that, as the court found said transaction was not a sale, it was error to give said instructions. This court, in *Kelly v. Perrault*, 5 Idaho, 221, 48 Pac. 45, doubted the propriety of giving instructions in such cases. (See, also, *Daly v. Josslyn*, ante, p. 657, 65 Pac. 442.) As the special findings of the jury were only advisory to the court, and the court may either adopt or reject them, if they are not sustained by the evidence, they may be tested by it; and, as was said in *Hewlett v. Pilcher*, 85 Cal. 542, 24 Pac. 781, "if erroneous conclusions are drawn from them [the findings], the question may be pre-

sented in this court, and in either event the question whether the court erred in giving or refusing instructions becomes immaterial." In that view of the matter, it is error to give instructions in such a case, but not reversible error. The judgment of the trial court must be affirmed, and it is so ordered. Costs are awarded to respondents.

Quarles, C. J., concurs.

Stockslager, J., having tried the case below, did not sit in the case.