(No. 6834.   May 5, 1941.)

EASTERN IDAHO LOAN & TRUST COMPANY, a corporation, Respondent, v. HILDA C. BLOMBERG and AXEL BLOMBERG, her husband, Appellants.

[113 Pac. (2d) 406.]

A. A. Merrill and L. H. Merrill, for Appellants.

O. A. Johannesen, for Respondent.

MORGAN, J.—In 1919 respondent entered into a contract with appellants to sell them a house and two lots in Idaho Falls, Idaho, hereafter called "the property," for $3,500 to be paid in instalments, pending which the title was retained by the vendor and the purchasers were given possession. November 1, 1930, the contract not having been performed with respect to payments, respondent executed and delivered to appellants a bond for a deed, to take the place of the contract, wherein it was recited that it agreed to sell and convey the property to appellants for $3,500, payable as follows: $705.89, cash, the receipt of which was acknowledged, and the balance, $2,794.11, in monthly installments of $25 each, due and payable on the first of each and every month, beginning December 1, 1930. Payments were to be applied first to the payment of interest, at the rate of 7% per annum, and the balance to the reduction of the principal. The purchasers were to pay the taxes and keep the house insured.

August 25, 1933, appellants made application to Home Owners' Loan Corporation for a loan of $2,800 with which to pay off the indebtedness against the property. The application was approved for a loan of $1,745.17, of which $1,492.40 was to be applied toward the payment of the indebtedness and the balance was to be used in payment of taxes on the property. Appellants executed and delivered to Home Owners' Loan Corporation a mortgage on the property to secure the payment of $1,745.17. At that time, the indebtedness due to respondent on the purchase price was in excess of $3,000, and it refused to deed the property to appellants unless they gave it a second mort-

gage securing the payment of the balance, after deducting the $1,492.40. This appellants refused to do.

The matter remained in an unsettled condition until April 1, 1936, when an agreement was reached between appellants and respondent which resulted in the execution by the former, and acceptance by the latter, on that day, of a promissory note, secured by a second mortgage on the property. By the note appellants promised to pay respondent, September 1, 1936, "$1.00 and other valuable considerations recited in mortgage of even date." The following appears in the mortgage:

"This mortgage will be released when the Mortgagors hereof have satisfactorily completed the drilling of two wells for the Mortgagee, one to be drilled at the place designated by Mortgagee on the Southwest Quarter of the Southwest Quarter (SW ¼ SW ¼) of Section Twenty-three (23) Township Three (3) North Range Thirty-seven (37) and one to be drilled on the Northeast Quarter of the Southeast Quarter (NE ¼ SE ¼) of Section Two (2) Township Three (3) North Range Thirty-eight (38), each well to be drilled so as to furnish a satisfactory flow of water.

"All casings and pump equipment to be furnished by Mortgagee.

"Drilling of the wells is to be started as soon as weather conditions will permit and is to be fully completed on or before September 1, 1936 when this mortgage will become due and payable."

This suit was commenced by respondent against appellants to foreclose that mortgage.

█ █ A mortgage is defined by Idaho Code Annotated, sec. 44-801, to be, "a contract by which specific property is hypothecated for the porformance of an act without the necessity of a change of possession."

It was alleged in the complaint that, April 1, 1936, for a valuable consideration, appellants covenanted and agreed with respondent that they would, at the places designated by it, drill two wells and obtain a satisfactory flow of water on the lands hereinabove described; that it was estimated by the parties that the cost of drilling each well would be $500, and that at said time appellants exe-

cuted and delivered to respondent the promissory note above mentioned. A copy of the note was set out in the complaint. It was further alleged that, for the purpose of insuring the performance of their agreement to drill the wells, appellants executed and delivered to respondent the second mortgage, above mentioned, and a copy of it was attached to the complaint and, by reference, made a part thereof. It was also alleged that appellants failed, neglected and refused to drill the wells, or either of them; that respondent was the owner of the note and mortgage and of the obligation secured thereby; that the cost of drilling wells in the immediate vicinity of the lands wherein appellants had agreed to drill the two for respondent, between April 1, 1936, and September 1, 1936, was $500 per well; that said price prevailed at the date of the complaint; that appellants were justly indebted to respondent, by reason of the aforesaid agreement and their failure to comply therewith, in the sum of $1,000, no part of which had been paid, either in money or services, and that the same was secured by said mortgage and was wholly due and payable. The prayer was for judgment for $1,000 and interest thereon; for attorney fee and costs of suit, and for the usual decree of foreclosure and sale, according to law and the practice of the court.

Appellants demurred to the complaint on the ground that it did not set forth sufficient facts to constitute a cause of action, and they have assigned the overruling of the demurrer as error. The record does not show that the demurrer was presented to the court or disposed of.

In *United States v. Alexander*, 2 Ida. 386, 17 Pac. 746, the third section of the syllabus is:

"Where the record shows that a general demurrer was filed, but is silent as to any disposition of the same, the presumption will be indulged on appeal that the demurrer was overruled or abandoned." (See, also, *Guthrie v. Phelan*, 2 Ida. 95, 6 Pac. 107; *Smith v. Clyne*, 16 Ida. 466, 101 Pac. 819; *Kerney v. Hatfield*, 30 Ida. 90, 162 Pac. 1077.)

Assuming the demurrer was not abandoned, but was overruled, an examination of the com-

plaint convinces us the facts therein stated are sufficient to withstand attack by general demurrer. It states sufficient facts to put the defendants therein named on their defense. In *Bicandi v. Boise Payette Lbr. Co.*, 55 Ida. 543, 553, 44 Pac. (2d) 1103, 1107, we said:

"A general demurrer to a complaint should be overruled if the facts therein alleged are sufficient to constitute a cause of action entitling plaintiff to any relief against defendant. (*Carter v. Wann,* 6 Ida. 556, 57 Pac. 314; *Village of Sandpoint v. Doyle,* 11 Ida. 642, 83 Pac. 598, 4 L. R. A., N. S., 810; *Bonham Nat. Bank v. Grimes Pass P. M. Co.,* 18 Ida. 629, 111 Pac. 1078; *Steinour v. Oakley State Bank,* 32 Ida. 91, 177 Pac. 843; *Swinehart v. Turner,* 38 Ida. 602, 224 Pac. 74; *Peterson v. Hailey Nat. Bank,* 51 Ida. 427, 6 Pac. (2d) 145.) The demurrer was properly overruled." (See, also, *Furst & Thomas v. Elliott,* 56 Ida. 491, 56 Pac. (2d) 1064, and *Aker v. Coleman,* 60 Ida. 118, 88 Pac. (2d) 869.)

In their answer appellants admitted their marital status and the corporate existence of respondent. They also admitted signing the note and mortgage, and denied the other allegations of the complaint. For an affirmative defense they alleged there was no consideration for the note or mortgage, or for the agreement to drill the wells. As a further affirmative defense appellants alleged that respondent knowingly, and in violation of its written agreement to deliver to them a deed to the property, in consideration of their securing a Home Owners' Loan Corporation loan on the premises,

"refused to deliver said deed to defendants, and in order to secure delivery of said deed, defendants were compelled by plaintiff to and did, against their will, execute the note and mortgage described in plaintiff's complaint."

As a further affirmative defense and counter-claim, defendants alleged that they,

"at the special request of plaintiff, between August 1st, and October 31st, 1939, performed services and labor for plaintiff as follows: drilled a well to obtain water, 210 feet in depth at the agreed price and reasonable value of

$1.50 per foot on lands belonging to the Shattuck Irrigation Company, a corporation in Bonneville County, Idaho, and that plaintiff has failed and refused to pay all or any part thereof on demand by defendants, and the entire amount is due, owing and unpaid from plaintiff to defendants."

Appellants prayed for judgment against respondent in the sum of $315.

By way of answer to the counter-claim, respondent admitted that appellant, Axel Blomberg, commenced the drilling of a well, but alleged he abandoned the work and never completed it, and admits it has never paid for drilling the uncompleted well.

On the issues thus joined the case was tried to the court, with a jury, sitting in an advisory capacity. Certain interrogatories were propounded to the jury, which were answered by it and the court made findings of fact and conclusions of law, and entered its decree wherein respondent was awarded judgment against appellants for $465.63, together with $113.30 interest accrued thereon, and for $100 attorney fee, and costs of suit, and decreed that respondent's mortgage be foreclosed,

"and that said property be sold by the Sheriff of Bonneville County, Idaho, and in the manner prescribed by law and the practice of this court, and that said sheriff issue his certificate of sale therefor and after the time for redemption has expired, execute a deed to the purchaser or purchasers of said mortgaged premises on sale.

\* \* \*

"It is further ordered, adjudged and decreed that the purchaser or purchasers of said mortgaged premises at such sale be let into possession thereof, and any person who, since the commencement of this action, has come into possession under the said defendants, or either of them, deliver possession thereof to such purchaser or purchasers, on the production of a sheriff's deed for such premises, or any part thereof, and that in case such purchaser be refused possession, a writ of assistance be issued without further notice, requiring the sheriff of the county in which the said property is situated, to place and main-

tain said purchaser in the quiet and peaceable possession of said land and premises purchased by him, and the whole thereof."

Defendants moved for a new trial, which was denied, and they have appealed from the decree and from the order denying a new trial.

There is no mention in the complaint of indebtedness existing from appellants to respondent, prior to the making of the mortgage, and appellants insist the court erred in admitting evidence of such indebtedness, on the ground that it was not embraced within the issues framed by the pleadings. A great deal of evidence was offered by respondent showing the existence of indebtedness to it from appellants growing out of the contract of purchase of the property and the bond for a deed therefor. The attorney for defendants, in the district court, (other than counsel representing appellants here) made no objection to the introduction of this evidence on the ground that it tended to establish a fact not in issue, and it was admitted. No contention was made at the trial that the indebtedness growing out of the sale of the property was not embraced within the issues framed by the pleadings, and this phase of the case is within the rule announced in *Douville v. Pacific Coast Casualty Co.*, 25 Ida. 396, 403, 138 Pac. 506, 508, wherein it was said:

"it is one of the plain rules of pleading and procedure that the failure to object to evidence at the time it is offered is a waiver of the objection that it is not admissible under the pleadings. (*McCarthy v. Phelan*, 132 Cal. 404, 64 Pac. 570; *Stockton Combined Harvester etc. Works v. Glen Falls Ins. Co.*, 121 Cal. 167, 53 Pac. 565; *Lawlor v. Kemper*, 20 Mont. 13, 49 Pac. 398.)" (See, also, *Newman v. Oregon Short Line R.R. Co.*, 34 Ida. 417, 201 Pac. 710; *Snyder v. Raymond*, 48 Ida. 810, 285 Pac. 478; *Sarvis v. Childs Bonds etc. Co.*, 49 Ida. 79, 286 Pac. 914; *Weed v. Idaho Copper Co.*, 51 Ida. 737, 10 Pac. (2d) 613.)

Both parties litigant tried the case in the district court on the theory that it was plaintiff's contention the mortgage was given to secure the drilling of the

wells, therein mentioned, and that the cost thereof had been paid by the cancelation of the preexisting indebtedness arising from the purchase of the property; that it was defendants' contention the preexisting indebtedness had been paid in cash and by collection of rentals on the property and that the execution of the mortgage had been procured by duress. Neither party advanced the theory at the trial that the pleadings were insufficient to render evidence of the preexisting indebtedness admissible. In *Brown v. Hardin*, 31 Ida. 112, 169 Pac. 293, the first section of the syllabus states the rule applicable here, as follows:

"Where both parties to an action try their case upon the same theory as to the issue tendered by the pleadings, they are bound by the theory so adopted." (See, also, *Hindman v. Oregon Short Line R.R. Co.*, 32 Ida. 133, 178 Pac. 837; *Idaho Gold D. Corp. v. Boise Payette L. Co.*, 52 Ida. 766, 22 Pac. (2d) 147; *Aetna C. & S. Co. v. Wedgwood*, 57 Ida. 682, 69 Pac. (2d) 128; *Gibbs v. Claar*, 58 Ida. 510, 75 Pac. (2d) 721.)

Appellants have assigned:

"The court erred in decreeing in its judgment that the plaintiff is entitled to immediate possession of the mortgaged premises."

That assignment of error is not sustained by the record. The portion of the decree, heretofore quoted, provides that the *purchaser* of the mortgaged premises, at the sale, not the *plaintiff,* be let into possession thereof. It further provides that such purchaser shall have possession on production of a sheriff's deed for the premises. I. C. A., sec. 8-403, which relates to redemption of real property from execution sale is, by sec. 9-101, made applicable to real estate mortgage foreclosure sales and, among other things, provides for the issuance of a sheriff's deed to the purchaser, or his assignee, at the expiration of a year after the sale, "but in all cases the judgment debtor shall have the entire period of one year from the date of the sale to redeem the property."

The decree conforms to the statute and cannot, reasonably, be construed to mean that respondent, or any other

purchaser, is to have possession of the property prior to one year from the date of sale, nor prior to the issuance of a sheriff's deed.

Appellants assign as error the giving of certain instructions to the jury. In *Hayes v. Flesher*, 34 Ida. 13, 19, 198 Pac. 678, 679, we said:

"Appellant also complains of the court's action in refusing to give certain instructions requested by him, and specifies as error the giving of certain instructions. Since however, the jury was called only in an advisory capacity, and their findings are not binding upon the court and cannot relieve the court from the necessity of making its own findings, the action of the court in giving or refusing instructions will not be reviewed. (*Kelly v. Perrault*, 5 Ida. 221, 48 Pac. 45; *Daly v. Josslyn*, 7 Ida. 657, 65 Pac. 442; *Gordon v. Lemp*, 7 Ida. 677, 65 Pac. 444.) When the matter reaches this court on appeal, the question always is whether the evidence is sufficient to justify the findings of the court." (See, also, *Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037; *Crumpacker v. Bank of Washington Co.*, 38 Ida. 534, 223 Pac. 229; *Hill v. Porter*, 38 Ida. 574, 223 Pac. 538.)

The record shows appellants started to drill one of the wells mentioned in the mortgage and, after sinking a distance of 210 feet, the bit they were using became stuck in the formation in which they were drilling, and they were unable to release it. No water was developed in the well and they abandoned it, leaving the bit fast in the bottom of the hole. No effort was made to drill the other well.

Appellants complain of the failure of the court to find they drilled one of the wells to a depth of 210 feet and were entitled to compensation therefor on a *quantum meruit* basis. This contention is without merit. There is no evidence that the dry hole, with a bit fast in the bottom of it, is of value to respondent or anyone else. Furthermore, the contract between the parties litigant calls for the completion of each well "so as to furnish a satisfactory flow of water." In 17 C. J. S. 820, sec. 361, it is said:

"The rights and liabilities of the parties as to compen-

sation under a contract are, of course, limited by its terms, which are to be interpreted according to the general rules of construction. * * * Further, where the contract makes an express provision as to the way in which compensation shall be had, an agreement to pay in any other manner will not be implied."

The decree and order denying a new trial are affirmed. Costs are awarded to respondent.

Budge, C. J., and Givens, Holden and Ailshie, JJ., concur.