(February 23, 1924.)

## ANNIE SWINEHART, Appellant, v. THEO. TURNER, LUCY P. TURNER, PATRICK DUFFY, ANTONIA DUFFY and E. H. McBETH, Respondents.

[224 Pac. 74.]

PLEADING AND PRACTICE—IRRELEVANT AND REDUNDANT MATTER—SUBJECT TO BE STRICKEN UPON MOTION—WHEN PLEADING GOOD AGAINST GENERAL DEMURRER—JURISDICTION OF PROBATE COURT TO DECREE SALE OF REAL ESTATE—SPECIAL NOT GENERAL—STATUTORY REQUIREMENTS—MUST BE REGULARLY PURSUED.

1.  A complaint should state the facts constituting the cause of action in ordinary and concise language, and where it contains irrelevant and redundant matter, the same may be stricken upon motion.

2.  Although a complaint may contain irrelevant and redundant matter, if it be challenged by a general demurrer the same should be overruled when such complaint alleges facts which show the plaintiff entitled to some relief.

3.  Proceedings in probate are statutory, and it is necessary to their validity that the court have jurisdiction of the subject matter—that is, the estate of the deceased—and also of the question which its judgment assumes to decide.

4.  A probate court may have jurisdiction of the estate of a deceased person, but in order for its decree to be valid, the statutory requirements as to the proceedings must be substantially complied with, in order to bind those interested in the estate.

5.  The authority of the probate court to order the sale of real estate is not general, but special and limited, and is derived from the statute, and can be exercised only for the purposes mentioned and in the manner prescribed by the statute.

6.  The validity of a decree in probate may be attacked by a suit in equity on the ground that it was fraudulently obtained, and such attack is direct and not collateral.

7.  As to whether or not the vested interest of the survivor of a marital community is subject to sale by a decree of the probate court in the course of the administration of that part of the estate belonging to the deceased, considered but not decided.

8.  The complaint considered, and *held* to state a cause of action as against a general demurrer, or the special demurrer interposed.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Ralph W. Adair, Judge.

Action to set aside administrator's deed. From judgment dismissing complaint, plaintiff appeals. *Reversed* and *remanded,* with instructions.

P. C. O'Malley, J. M. Stevens and D. D. Mote, for Appellant.

An action brought to set aside a deed made under confirmation of sale by a probate court is a direct attack. (*Acton v. Lamberson,* 102 Or. 472, 202 Pac. 421.)

The attack on a probate sale is direct and not collateral where it is based upon the grounds of fraud. The fraud must be, however, a fraud extrinsic or collateral to the questions examined and determined in the action. (*Bergin v. Hate,* 99 Cal. 52, 33 Pac. 760; *Pico v. Cohn,* 91 Cal. 129, 25 Am. St. 159, 25 Pac. 537, 13 L. R. A. 336; *James v. Young,* 111 Kan. 310, 206 Pac. 905; *Campbell-Kawannanakoa v. Campbell,* 152 Cal. 201, 92 Pac. 184.)

It is pleaded the Turners perpetrated such a fraud upon the probate court as would deprive the court of jurisdiction to confirm the sale. (*McAdow v. Boten*, 67 Kan. 136, 72 Pac. 529.)

Courts possessing general equity jurisdiction have power to grant proper relief in all cases of fraud. (*Busenbark v. Busenbark*, 33 Kan. 578, 7 Pac. 245.)

The district court is the only court in which the plaintiff could secure the relief prayed for. (18 Cyc. 812; 24 C. J. 674, sec. 1673; *Miller v. Mitcham*, 21 Ida. 741, 123 Pac. 941.)

"The validity of probate proceedings may be attacked upon the ground that such proceedings have worked a fraud, and a court of equity has jurisdiction to compel the restoration of lands or proceeds fraudulently acquired by such proceedings." (*Glover v. Brown*, 32 Ida. 426, 184 Pac. 649; *Simonton v. Simonton*, 33 Ida. 255, 193 Pac. 386; *Weyant v. Utah Sav. & Trust Co.*, 54 Utah, 181, 182 Pac. 189; *Balbridge v. Smith*, 76 Okl. 36, 184 Pac. 153.)

The jurisdiction of the probate court ceased when he made the order of confirmation and the same was filed for record. (*State v. Probate Court*, 33 Minn. 94, 22 N. W. 10; *State v. Probate Court*, 19 Minn. 117; *Hart v. Hart*, 39 Miss. 221, 70 Am. Dec. 668; 22 Cent. Dig., sec. 1555, p. 299.)

The complaint states a cause of action. (*Gafford v. Dickson*, 37 Kan. 287, 15 Pac. 175; *Bergin v. Hate, supra; Weyant v. Utah Sav. & Trust Co., supra; Acton v. Lamberson, supra;* 21 R. C. L. 827; *Pacific Vinegar etc. Works v. Smith*, 145 Cal. 352, 104 Am. St. 42, 78 Pac. 550; *Ramspeck v. Pattillo*, 104 Ga. 772, 69 Am. St. 197, 30 S. E. 962, 42 L. R. A. 197; *Florence v. Adams*, 2 La. 556, 38 Am. Dec. 226; *Tyler v. Sanborn*, 128 Ill. 126, 15 Am. St. 974, 21 N. E. 193, 4 L. R. A. 218; 31 Cyc. 1432–1437; *Bunker v. Miles*, 30 Me. 431, 50 Am. Dec. 632; *Meek v. Hurst*, 223 Mo. 688, 135 Am. St. 531, 122 S. W. 1022.)

The power vested in probate courts to sell real estate is a statutory power, was not recognized at common law, and is not a constitutional power. It is found only in legislative

authority, and must be strictly construed, and every provision of the statute strictly complied with. (*Lampton v. Vingar,* 61 Mont. 530, 202 Pac. 796; 11 R. C. L. 319; notes, 56 Am. Dec. 56; notes, 79 Am. St. 82; *Wyman v. Campbell,* 6 Ala. 219; 31 Am. Dec. 677.)

Swanson & Tydeman, D. W. Standrod and Jas. B. Bacon, for Respondents.

The amended complaint attacks a sale of real estate had in the probate court and in such proceedings a probate court in Idaho has exclusive jurisdiction. (Const., art. 5, sec. 21; *Estate of McVay* (on rehearing), 14 Ida. 64, 93 Pac. 31.)

In the course of the probate proceedings a probate court has power to sell real estate belonging to said estate. (C. S., chap. 279.)

All that a probate court does in the exercise of its probate jurisdiction it does as a court of general jurisdiction and all the legal presumptions which attach to the acts of a court of general jurisdiction attach thereto. (C. S., sec. 6467; *Jorgenson v. McAllister* (on rehearing), 34 Ida. 182, 202 Pac. 1059; *Clark v. Rossier,* 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358.)

The attack made upon the probate proceedings is a collateral attack. (*O'Neill v. Potvin,* 13 Ida. 721, 93 Pac. 20; *Estey & Camp v. Williams* (Tex. Civ. App.), 133 S. W. 470; *Cassedy v. Norris,* 118 Ark. 449, 177 S. W. 10; *Ferrell-Michael Abstract & Title Co. v. McCormac* (Tex. Civ. App.), 184 S. W. 1081.)

The fraud which will authorize a court of equity to take jurisdiction for the purpose of vacating a judgment is extrinsic or collateral fraud. (*Donovan v. Miller,* 12 Ida. 600, 10 Ann. Cas. 444, 88 Pac. 82, 9 L. R. A., N. S., 524; *United States v. Throckmorton,* 98 U. S. 61, 25 L. ed. 93.)

After a full hearing upon plaintiff's objections the probate court made a sale. Where a party is given an opportunity to be heard he cannot in an equitable action have the judgment thus entered vacated for fraud. (*Flood v. Templeton,* 152 Cal. 148, 92 Pac. 78, 13 L. R. A., N. S., 579;

Black on Judgments, 2d ed., sec. 368; *Donovan v. Miller, supra; La Fitte v. Salisbury,* 43 Colo. 248, 95 Pac. 1065; *City of Guthrie v. McKennon,* 19 Okl. 306, 91 Pac. 851.)

Where a party to an action has had an opportunity to be heard in the original proceedings and to have the matters reviewed on appeal, but has neglected to avail himself thereof, he is not entitled to redress in equity. (*Froebrich v. Lane,* 45 Or. 13, 106 Am. St. 634, 76 Pac. 351; *Abrams v. White,* 11 Ida. 497, 83 Pac. 602.)

The law required plaintiff to contest the claim against the estate in the probate court. (*Lamont v. Vinger,* 61 Mont. 530, 202 Pac. 769; *Beckett v. Selover,* 7 Cal. 215, 68 Am. Dec. 237; *Schroeder's Estate,* 46 Cal. 304; *Crosby's Estate,* 55 Cal. 574; *Estate of Hidden,* 23 Cal. 363; *In re Coryell's Estate,* 16 Ida. 201, 101 Pac. 723.)

The allowance of a claim by the probate court establishes its validity so as to authorize an order of sale.    (24 C. J., p. 548, sec. 1441, note 78; *Milburn v. East,* 128 Iowa, 101, 102 N. W. 1116.)

Under C. S., sec. 7655, such a sale is only at most voidable. (*Cardoner v. Day,* 253 Fed. 572; *French v. Phelps,* 20 Cal. App. 101, 128 Pac. 772; *Boyd v. Blankman,* 29 Cal. 19, 87 Am. Dec. 146; *In re Richards' Estate,* 154 Cal. 478, 98 Pac. 528; *Cain v. McGeenty,* 41 Minn. 194, 42 N. W. 933; *Fairburn Banking Co. v. Summerlin,* 144 Ga. 31, 85 S. E. 1007.)

The complaint states no cause of action in that it shows on its face that the plaintiff had an adequate remedy at law.

If the sale was confirmed over her objections, the statute gave her the right of appeal and a full review of all matters in the district court. (C. S., sec. 7173, subd. 5; *McGregor v. Jensen,* 18 Ida. 320, 109 Pac. 729.)

She had the privilege to move to have the decree vacated within six months after it was entered. (C. S., sec. 6726; *Chandler v. Probate Court,* 26 Ida. 173, 141 Pac. 635.)

She had the legal remedy of objecting to the final account when this was filed. (C. S., sec. 7704.)

And at that time any objection to any claim against the estate could be heard. (*In re Coryell's Estate, supra.*)    It

was her legal duty to do this.    (*Chandler v. Probate Court, supra.*)

Her fourth legal remedy was to oppose the sale in the probate court.    (C. S., sec. 7633; *Lamont v. Vinger, supra.*)

WILLIAM A. LEE, J.—This action was commenced in the district court in and for Bannock county to vacate and set aside the proceedings had in the probate court of that county in the matter of an administrator's sale of certain real estate being administered as the estate of Daniel Swinehart, deceased. A demurrer was sustained to the amended complaint, and the action dismissed. The appeal is from the judgment of dismissal, and presents the question as to whether this pleading states a cause of action.

The complaint contains forty pages of typewritten matter, with frequent repetitions, and violates the requirements of C. S., sec. 6687, which requires a statement of the facts constituting the cause of action in ordinary and concise language. It contains much irrelevant and redundant matter, which under the provisions of C. S., sec. 6708, upon proper motion should have been stricken. Redundancy in pleading is that which exceeds what is natural or necessary; superabundant; exuberant. This pleading so palpably violates the rule against redundancy that the court would have been warranted in striking upon its own motion the frequent repetitions of the same matter. (Pomeroy's Code Remedies, 4th ed., p. 611, sec. 446, and cases cited under note 1.) This not having been done, we are called upon to determine whether the complaint states facts sufficient to constitute a cause of action when challenged by a general demurrer. In *Rauh v. Oliver,* 10 Ida. 3, 77 Pac. 20, it is said that under our code of procedure, technicalities of pleading under the common law have been dispensed with, and a plaintiff need only state his cause of action in ordinary and concise language, and when this has been done, a plaintiff can only be sent out of court when he is entitled to no relief either at law or in equity. (See, also, *Brown v. Bledsoe,* 1 Ida. 746; *Carter v. Wann,* 6 Ida. 556, 57 Pac. 314; *First Nat.*

*Bank of Lewiston v. Sampson,* 7 Ida. 564, 64 Pac. 890; *Bates v. Capital State Bank,* 18 Ida. 429, 110 Pac. 277.)

The complaint in effect alleges that plaintiff Annie Swinehart is the widow of Daniel Swinehart, and resides at Seattle, Washington; that her husband died intestate December 20, 1917, leaving an estate consisting of community property only, and described as Lots 19 and 20 of Block 489 in Pocatello; that this was improved property, of the value of $5,000, and was earning a good rental; that the Swineharts were aged people at the time of their removal from Pocatello to Seattle in 1907, and they left this property in the care of Theo. Turner, whose duty it was to receive the rents and profits, keep the premises in repair, insure the same, and pay taxes thereon and interest on the mortgage, the principal of which was $1,750, in so far as such rents and profits would do so; that said Turner accepted this trust, and looked after this property from the time of Swinehart's removal to Seattle until his death; that Turner, his wife, and their son Theo. J. Turner, were the directors and owned practically all of the stock of the Bannock Title & Trust Company, and later organized another corporation, which appears to have succeeded this one, of which they were also the directors and owned all of its stock, known as the Turner Trust Company; that they transacted their business generally through these corporations, including the agency and care for the Swinehart property; that after Swinehart's death, the Turners, through one of these companies, petitioned the probate court of Bannock County to appoint Theo. J. Turner administrator of this estate, and as a ground for such appointment, alleged that Theo. Turner was a creditor; that after his appointment as such administrator, he petitioned the court for an order of sale of all the real estate at private sale, and such order was made; that there were no debts due or owing by the estate other than the real estate mortgage, which the mortgagee would carry indefinitely, or accept payment of at any time; that the Turners, while acting as agents for the Swineharts in the management and control of this property, concealed from

plaintiff the true condition relating to it, and at no time gave her notice of the proceedings in the probate court, and that she had no notice of such proceedings until the confirmation of the sale; that the administrator's return to the order of sale was false and fraudulent, in that it stated that the offer made by respondent Theo. Turner was the best that could be obtained, and that the same was the highest and best bid that could be secured; that the administrator and his father Theo. Turner, at the time the offer of $3,300 was made, and also thereafter at the time the offer was raised to $3,750, had in fact agreed to sell the property to respondent Antonia Duffy for $4,500; that the administrator in so reporting to the probate court that $3,300, and later in reporting that $3,750, was the largest sum that could be obtained for this property, perpetrated a fraud upon appellant, and also upon the probate court. It is also alleged that the notice of sale was neither posted nor published for two weeks successively next before the day of sale, as required by C. S., sec. 7629.

It is further alleged that the probate court was induced to confirm the sale reported by the administrator because of the representation of Theo. Turner that he then owned the mortgage against the premises, and that unless the sale was confirmed he would immediately foreclose this mortgage; that the sale by Theo. J. Turner, the administrator, to his father, Theo. Turner, was confirmed, and an administrator's deed issued; that on the same day, and as a part of the same conspiracy to defraud plaintiff, Theo. Turner and his wife sold the property to Antonia Duffy and Patrick Duffy for $4,500; that all of the parties had knowledge of this conspiracy to defraud plaintiff, and that the whole proceeding relative to this sale was for the purpose of defrauding plaintiff and securing title to the premises for a sum greatly below their value.

This is a brief *résumé* of the more material facts alleged. When this complaint is tested by the foregoing rules of pleading, we think it states a cause of action, and that the trial court erred in dismissing the same, if an action of this

38 Idaho.—39

kind is an appropriate remedy to determine the validity of the proceedings in the probate court.

C. S., sec. 7655, prohibits an executor or administrator from directly or indirectly purchasing any property of the estate he represents, or being interested in any sale of such property. The complaint alleges that the principal reason urged by Theo. Turner why the administrator's sale should be confirmed for the amount of his bid of $3,750 was that if it was not done, he would immediately foreclose his mortgage for $1,750 which he had acquired from the mortgagee, H. McGonigle, after the death of Daniel Swinehart, and during the time he and his company were acting as agents for the Swineharts. C. S., sec. 7689, prohibits an administrator or executor from purchasing a claim against an estate which he represents. The relationship existing between the administrator and his father, the purchaser, when considered in connection with their company through which they transacted most of their business, would tend to show that the administrator was interested in the purchase of this claim against the estate, in view of what is alleged in relation to their methods of doing business. The fact that there were no other debts against the estate, that the security for the mortgage debt was ample, and that the mortgagee was willing to carry the indebtedness upon this security, but that Theo. Turner purchased it after the death of his principal and made use of the same for the purpose of having the estate administered and the property sold, are pertinent matters of inquiry, going to the good faith of these several transactions. Under C. S., sec. 7588, this mortgage could have been enforced against this estate without presenting it as a claim against the estate. No sufficient reason appears why it should have been used in the manner alleged in order to compel a sale of the entire estate, including plaintiff's vested interest in an undivided one-half of the property, in the manner alleged to have been done.

These irregularities claimed to have taken place in the probate proceedings would ordinarily be sufficient, if true, to avoid the sale, if the instant case was a hearing upon an

appeal from a judgment of the probate court. Respondents insist that the proceedings in that court are in their nature proceedings *in rem,* and that the errors complained of are mere irregularities, that could only be corrected upon an appeal from the judgment of the probate court.

There are two lines of authority as to the power of a court of equity to afford relief in cases of this kind. One supports the doctrine that probate courts being courts of record, and having exclusive original jurisdiction in all matters of probate, their judgments import absolute verity, and can only be set aside when such courts have failed to acquire jurisdiction of the property belonging to the estate. This rule is based upon the theory that proceedings in probate are *in rem,* and that the probate court having once acquired jurisdiction over the estate, by following the statutory requirements in the matter of the appointment of an administrator or executor, a failure to follow the requirements of the statute in subsequent proceedings is merely an irregularity, that can be taken advantage of only upon a direct appeal from the judgment of the probate court. This, we understand, is the rule which respondents contend must apply to the instant case, and was the ground upon which the judgment of dismissal was based in the court below.

We will not attempt a review of the many authorities which support the doctrine that the judgment of a probate court in probate matters imports verity, to the same extent as do judgments of courts of general jurisdiction. *Connolly v. Probate Court,* 25 Ida. 35, 136 Pac. 205, and *Clark v. Rossier,* 10 Ida. 348, 3 Ann. Cas. 231, 78 Pac. 358, cited and relied upon by respondents, appear to support this view. The note to the last-mentioned case in 3 Ann. Cas., at page 234, collects the authorities which hold that orders and judgments of probate courts for the sale of decedents' property are immune from collateral attack.

*Glover v. Brown,* 32 Ida. 426, 184 Pac. 649, holds that the validity of probate proceedings may be attacked by a suit in equity to set aside a guardian's sale of real estate on the ground of fraud, and that such an action is a direct

attack upon the judgment, which conclusion is affirmed by a majority of the court. Morgan, C. J., concurred upon the ground that the sale in that particular case was beyond the jurisdiction of the court, and that its decree was void, but dissents from the view that this equitable action was a direct attack upon the judgment of the probate court. The dissenting opinion of Mr. Justice Rice, however, states that decrees in probate are subject to attack in equity to the same extent as the decrees and judgments of other courts in other actions.

In the recent case of *Kline v. Shoup*, 35 Ida. 527, 207 Pac. 584, it is held that the sale of real property of a decedent's estate is a special proceeding in the administration of such estate, and that a failure to give the notice required by the statute is jurisdictional and renders the order of sale and all subsequent proceedings thereunder void as to the interest of persons not served, and that the sale may be set aside upon motion in the probate court or on appeal from such judgment, or by proper proceedings in equity.

From these holdings we conclude that judgments of a probate court directing a sale of a decedent's real estate may be vacated for fraud in procuring the order of sale, or in the sale, by a suit in equity.

The better rule would appear to be that judgments and decrees of probate courts acting within the scope of their jurisdiction are only *quasi in rem*. (23 Cyc. 1411; *Mulcahy v. Dow*, 131 Cal. 73, 63 Pac. 158; *Hanley v. Hanley*, 114 Cal. 690, 46 Pac. 736.)

In *Lamont v. Vinger*, 61 Mont. 530, 202 Pac. 769, it is pointed out that if the procuring of an order of sale of real property belonging to an estate is a proceeding strictly *in rem*, notice, which is only a matter of courtesy in such a proceeding, and never a necessity, need not be given for the failure to give such notice would only be an irregularity that would not render the sale void. (Van Fleet on Collateral Attack, sec. 405; 2 Black on Judgments, 794.) The authority of the probate court to order a sale of realty is not general, but special and limited. Such authority is

derived from the statute, and can be exercised only for the purpose mentioned and in the manner prescribed by the statute.

In *Glover v. Brown, supra,* at page 436, it is said that a court may have general jurisdiction over the subject matter and of the parties, yet if it proceeds to dispose of such matter in a manner in which it is not authorized to act, or to grant relief of a character which it has no power to grant, its judgment in this respect is void. The specially concurring opinion of Morgan, C. J., at page 442, says:

"In addition to jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant."

To the same effect is *Wright v. Atwood,* 33 Ida. 455, 195 Pac. 195.

Assuming the allegations of the complaint to be true, it is clear that the probate court did not regularly pursue the authority vested in it to decree the sale of the premises ordered sold, and that upon the facts alleged a court of equity has jurisdiction to vacate the same.

The interest of a wife in the community property is a vested interest, and as to degree, quality, nature and extent is the same as that of her husband. (*Peterson v. Peterson,* 35 Ida. 470, 207 Pac. 425; *Ewald v. Hufton,* 31 Ida. 373, 173 Pac. 247; *Kohny v. Dunbar,* 21 Ida. 258, Ann. Cas. 1913D, 492, 121 Pac. 544, 39 L. R. A., N. S., 1107.)

The decree of the probate court directed the sale of the entire premises, which was community property. The title to an undivided one-half of this property was vested in appellant prior to the death of her husband. It is a general rule that probate courts have no jurisdiction except over the estates of deceased persons, and they cannot administer the estate of a living person. (McKay on Community Property, p. 513, sec. 447.) Texas, whose laws are similar to our own, has endeavored to meet this difficulty by

providing for the administration of the entire estate by the survivor. Washington, whose laws are also similar to the laws of this state, holds that on the death of either spouse the administration of the estate draws to it the liquidation and settlement of the community, which makes it necessary for the probate court to assume jurisdiction over both moieties of the common fund. (31 C. J. 193, sec. 1339.) All the cases cited in support of this text under note 63 are decisions of that court, and the earliest, *Ryan v. Fergusson,* 3 Wash. 356, 28 Pac. 910, expresses doubt about the right to administer that part of the community property which is vested in the survivor, but the later decisions uphold the right to administer the entire community estate for the reasons stated.

Appellant does not directly raise the question of the jurisdiction of the probate court to order a sale of her vested interest in this community real estate, and in holding that her complaint states a cause of action, it is not necessary to determine that question. If the probate proceeding ordering a sale of this entire property could be considered one strictly *in rem,* such sale might result in depriving the survivor of a marital community of a vested interest in real estate, without notice of such proceeding, which would be in violation of the due process clause of the constitution.

All of the material facts of the complaint are admitted, for the purposes of this appeal. We conclude that it alleges sufficient facts to constitute a cause of action on behalf of appellant, and that the court erred in dismissing the same. The cause is reversed, with instructions to vacate the judgment of dismissal and reinstate the same, without prejudice to respondents to have stricken the redundant and superfluous matter. Appellant to recover her costs.

Budge, J., concurs.

McCarthy, C. J., and Wm. E. Lee, J., concur in the conclusion that appellant's complaint states a cause of action.