604

William UPDEGRAVE and Lulu Upde-
grave, husband and wife, Dave Eterno
and Bertha Eterno, husband and wife,
Harvey W. Kring, Jack Mathis, Edwin
G. Schacher, W. Glenn Huston, Thomas
Itami, George Chladek and Lilly Chla-
dek, husband and wife, Appellants,

v.

RELIANCE NATIONAL INVESTORS
CORPORATION, a corporation, and
Frank B. Salisbury, Appellees.

No. 19233.

United States Court of Appeals
Ninth Circuit.

Oct. 19, 1964.

Fredric A. Yerke, Jr., Harvey C. Bar-
ragar, King, Miller, Anderson, Nash &
Yerke, Portland, Or., for appellants.

Donald W. McEwen, Cake, Jaureguy,
Hardy, Buttler & McEwen, Portland, Or.,
for appellees.

Before BASTIAN, JERTBERG and
MERRILL, Circuit Judges.

MERRILL, Circuit Judge:

Appellees have brought this suit for
rescission of an agreement for exchange
of stock, alleging fraudulent representa-
tions of one Giles H. Florence, made as
agent of appellants. The District Court
decided in favor of appellees. The agree-
ment was ordered rescinded and the ap-
pellants were directed to deliver up for
cancellation the stock certificates of ap-
pellees which had been issued in accord-
ance with the agreement. This appeal
followed.

1. Appellants contend that Flor-
ence, as a party to the stock exchange
agreement, was an indispensable party
to the suit for rescission of that agree-
ment and that since the District Court
had not acquired personal jurisdiction
over him it could not proceed to decree
rescission.

Appellees contend that Florence's in-
terest was distinct and severable from
that of appellants, and that they suffered
no prejudice through his nonjoiner;
that his absence did not preclude the
Court from a just resolution of the dis-
pute between the parties before it; that
it was thus proper for the Court to
proceed to a decree as to the rights of

appellants. We agree. In Shields v. Barrow, 58 U.S. (17 How.) 129, 15 L.Ed. 158 (1854), the Court stated that a contract could be rescinded although some of the parties to it were not before the court if " * * * the rights of those before the Court are completely separable from the rights of those absent, otherwise the latter are indispensable parties." The certificates of stock constitute the subject matter of the contract here in issue. One such share is quite separate from any other share. The subject matter being severable, the District Court properly held Florence not an indispensable party.

2. Appellants contend that Florence was not their agent; that no authority, actual or apparent, had been shown to exist; that appellants had not ratified Florence's representations since they had no knowledge of them until after the transaction had been consummated.

■ Appellees contend ratification resulted from appellants' retention of the benefits of Florence's fraud after having learned of it. We agree. Restatement (Second), Agency § 99 (1958). We do not, therefore, pass upon the nature of Florence's authority, if any.

■ Appellants argue that they had so changed their position by the time they learned of the fraud that they were entitled to retain the results of it. The District Court found that their position had not so changed. Its finding was not clearly erroneous and we therefore affirm it. Fed.R.Civ.P. 52(a).

3. Appellants contend that appellees did not rely on Florence's representations but entered into the transaction after their own independent investigation; that appellees had no right to rely on Florence's representations in the light of suspicious circumstances which reasonably called for the exercise of caution.

The District Court found to the contrary and its findings are not clearly erroneous.

4. Appellants contend that appellees were guilty of laches.

Appellees assert that rescission was not unduly delayed but followed promptly after their receipt and analysis of pertinent records and that no prejudice resulted to appellants from such delay as did occur. We agree.

Judgment affirmed.