434 P.2d 98

Louise S. SPENCER, Alexa Spencer, Janet Spencer and Miriam Spencer, a minor, by and through her Guardian, A. W. Naegle, Plaintiffs-Appellants,

v.

Leland SPENCER et al., Defendants-Respondents.

No. 9899.

Supreme Court of Idaho.

Nov. 24, 1967.

Murphy & Boller, Shoshone, for plaintiffs-appellants.

Furchner, Anderson & Beebe, Blackfoot, for respondents Leland Spencer and Carmen Spencer.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for respondent Idaho First National Bank.

Holden, Holden & Kidwell, Idaho Falls, for respondent Floyd E. Skelton.

McQUADE, Justice.

This is an appeal from an order dismissing an action for failure to have brought within the jurisdiction of the court a party whom the district court found was "necessary and essential * * * [to] a full, just and equitable judgment." M. R. Skelton, a defendant, the necessary party, was not served with summons nor did he otherwise appear in this action.

Appellants are the widow and children of S. R. Spencer. Two other Spencer children, Leland and Carmen, at first refused to join as plaintiffs and so were named defendants; now, however, though nominally respondents, they support appellants' position.

When he died, September 16, 1960, S. R. Spencer was one of three partners in Skelton-Spencer Trading Company, his partnership interest being a one-third share. The partnership then owned all the capital stock in respondent Idaho Livestock Auction Company, a corporation. Surviving partners in Spencer-Skelton Trading Company were M. R. Skelton and respondent Floyd E. Skelton. Respondent Idaho First National Bank was named executor of Spencer's estate.

March 31, 1961, the probate court of Bonneville County entered an order confirming sale of S. R. Spencer's partnership interest in Skelton-Spencer Trading Company to M. R. Skelton and respondent Floyd E. Skelton for $168,517.77. March 16, 1964, appellants filed their complaint in the present action, alleging the true value of S. R. Spencer's partnership interest on March 31, 1961, was "not less than $350,-000.00," and its sale for less than half that amount resulted from negligent executorship by respondent Idaho First National Bank, from willful concealment of value by M. R. Skelton and respondent Floyd E.

Skelton, and from the probate court's failure to properly supervise the sale. The record does not disclose if appellants took any action concerning the sale from time of its confirmation until filing their complaint, a period of three years less fifteen days.

Appellants' complaint contains two counts. The first count seeks damages for alleged true value less purchase price; the second count asks rescission of the sale, and an accounting by M. R. Skelton and respondent Floyd E. Skelton for earnings from S. R. Spencer's partnership interest accrued since its sale.

Specific pertinent allegations of the complaint may be summarized as follows:

Purchasers of S. R. Spencer's partnership interest at the executor's sale were "M. R. Skelton and Floyd E. Skelton, individually *and/or in their partnership capacity,* and/or as members of the corporation" (italics supplied);

Since the sale, "Floyd E. Skelton and/or M. R. Skelton, partners of said deceased [S. R. Spencer], have purported or attempted to transfer said assets of said partnership [Skelton-Spencer Trading Company] and/or the assets of [respondent] Idaho Livestock Auction Company to another corporation [apparently respondent Idaho Auction Company] owned and controlled by M. R. Skelton and/or Floyd E. Skelton, or both.";

The probate court's procedure did not satisfy legal standards regarding the sale —particularly, S. R. Spencer's minor children were not represented at the court's proceedings;

Respondent executor, Idaho First National Bank, "by its negligence and misconduct, permitted and allowed the purported sale * * * [although] not all the facts touching and concerning the relationship of the partners and their agreements were presented to the Probate Court"; respondent executor "did not learn or, having learned, did not reveal to the Probate Court all the terms and conditions of the relationship between S. R. Spencer, *Deceased,* and the surviving partners, M. R. Skelton and Floyd E. Skelton";

M. R. Skelton and respondent Floyd E. Skelton, "the surviving partners of the partnership of Skelton-Spencer Trading Company, a partnership, did not comply with all the law and disclose all the facts touching and concerning the relationship of all the partners to said Probate Court."

Summons was served on each defendant except M. R. Skelton. Summons addressed to him was returned to appellants marked not found by the sheriff's office of Bonneville County on April 3, 1964, but was not filed until May 26, 1965, more than one year after the complaint had been filed. The return noted M. R. Skelton "lives in Montana."

Motions to dismiss, urging different grounds, were filed by several defendants. Each motion was granted. Discussion of the different grounds urged for dismissal follows.

■ Respondent Idaho First National Bank contended it was an unnecessary and improper party in its capacity as a corporation (as distinguished from its executorship). The district court granted this motion and we affirm. Nothing in I.C. §§ 15–353 [1] and 15–737,[2] requires one suing

1. "15–353. *Banks and trust companies not required to give bond or security— Exception.*—No bank or trust company authorized by law to act as executor of the will, or administrator or special administrator of the estate, of any deceased person in this state, is required to give any bond or security as such executor, administrator, or special administrator, either for or upon the issuance to it of letters testamentary or of administration or special administration, or for any other purpose, except in cases where the appointment is made under will requiring bond, in which event, except insofar as modified by the will, bond shall be given as by law required of individuals under like circumstances."

2. "15–737. *Misconduct of sale—Liability of executor or administrator.*—If

a bank or trust company for negligence as an executor to name the corporation as a separate entity.

Respondent Idaho Livestock Auction Company by motion claimed that corporation had been dissolved by order of the district court of Bonneville County, Ninth (now the Seventh) Judicial District, dated March 29, 1961. Neither the district court's memorandum decision in the present action nor its order of dismissal refers to this dissolution. Therefore, this respondent must remain in the action until the district court determines the specific issues raised by this motion.

Also urged as grounds for dismissal were: lack of prosecution of the action, and failure to acquire jurisdiction over a necessary defendant, M. R. Skelton. These grounds are contained in amended motions submitted by respondent Idaho First National Bank, and are addressed to both counts in appellants' complaint.

As appellants point out, respondent Floyd E. Skelton, in each of the capacities in which he is named, moved to dismiss only on the ground of failure to state a claim upon which relief could be granted. Nevertheless, the district court treated the grounds urged by Idaho First as if they had been urged by respondent Floyd E. Skelton.

Because of our decision on this appeal, appellants in no way will be prejudiced by our considering the grounds contained in respondent Idaho First's motion as also urged by respondent Floyd E. Skelton. Thus, we ignore Floyd E. Skelton's failure to raise those grounds in his own motion.

Concerning the first ground urged for dismissal, the order appealed from does not specify want of diligent prosecution as a

reason for dismissing appellants' action. The only ground discussed in the order is lack of jurisdiction over an indispensable party. Although the court's memorandum decision refers to "delay * * * which * * * impedes the ordinary processes of the court unreasonably," we cannot tell from this record whether the dismissal order itself is based on failure to prosecute.

By its silence the order suggests the court did not consider want of prosecution as a self-sufficient reason for dismissal. Thus, we find want of prosecution was not a determinative ground for dismissal in this action.

We divide into two parts—according to the separate counts in appellants' complaint —our discussion of the district court's determination that M. R. Skelton was an indispensable party, and its dismissal of this action on that ground.

Appellants' first count asks money damages allegedly caused concurrently by the negligent executorship of respondent Idaho First National Bank and the willful concealment, in breach of fiduciary duty to disclose, of material facts by M. R. Skelton and respondent Floyd E. Skelton. Appellants assert a statutory cause of action, grounded in negligence, against respondent Idaho First, I.C. § 15–737,[3] and appear to plead constructive fraud against M. R. Skelton and respondent Floyd E. Skelton. The first count thus sounds in tort.

When tortious acts of several parties concurrently cause an injury, each tort-feasor is liable for the whole damage at the option of the injured party.[4] Thus, a joint or concurrent tort feasor, whose liability is joint and several, is not an indispensable party to an action based on the tort.[5]

there is any neglect or misconduct in the proceedings of the executor or administrator in relation to any sale by which any person interested in the estate suffers damage, the party aggrieved may recover the same in an action upon the bond of the executor or administrator, or otherwise."

3. N. 2, supra.

4. Woodman v. Knight, 85 Idaho 453, 380 P.2d 222 (1963) (concurrent torts); Lorang v. Hays, 69 Idaho 440, 209 P.2d 733 (1949) (a joint tort).

5. Union Paving Co. v. Downer Corp., 276 F.2d 468, 471 (9th Cir.1960); Lynch v.

In their second count, appellants request: rescission of the sale made by respondent Idaho First National Bank to M. R. Skelton and respondent Floyd E. Skelton of S. R. Spencer's partnership interest in the Skelton-Spencer Trading Company; an accounting for profits earned from S. R. Spencer's partnership interest by M. R. Skelton and respondent Floyd E. Skelton, or by respondent Idaho Auction Company to which the Skeltons allegedly transferred the interest; and a formal dissolution of the Skelton-Spencer Trading Company.

■ Parties with a non-separable property interest in the subject matter of a sale are indispensable to an action for rescission of that sale.[6] But at this stage of the present action, the record does not disclose whether M. R. Skelton and respondent Floyd E. Skelton purchased separable interests in S. R. Spencer's partnership property. Moreover, appellants allege M. R. Skelton and respondent Floyd E. Skelton purchased S. R. Spencer's partnership interest "individually and/or in their partnership capacity, and/or as members of the corporation [apparently respondent Idaho Livestock Auction Company]."

■ If M. R. Skelton and Floyd E. Skelton were individual purchasers of Spencer's partnership interest and took non-separable interests, failure to obtain jurisdiction over M. R. Skelton would of course be fatal to appellants' count two seeking rescission.[7] In this regard, the reference to purchasers "Floyd E. Skelton and M. R. Skelton of Idaho Falls," in the probate court's order confirming sale of S. R. Spencer's partnership interest, is not conclusive that the Skeltons purchased the interest as individuals.

■ If, on the other hand, the Skeltons purchased in the capacity of surviving partners winding up Skelton-Spencer Trading Company, in contemplation of law the purchaser would have been the partnership itself, and service of summons on one partner (respondent Floyd E. Skelton) would have been sufficient service on the partnership.[8] A partnership does not end its legal existence or terminate with the death of a partner; rather the partnership entity continues for purposes of "winding-up" or liquidation of partnership affairs.[9] Surviving partners have a duty to wind-up the partnership affairs,[10] and during this period surviving partners have a fiduciary duty to disclose all facts pertinent to valuation of a deceased partner's interest;[11] a fortiori fiduciary standards apply when surviving partners seek to purchase a deceased partner's interest.[12] This fiduciary relation

MacDonald, 12 Utah 2d 427, 367 P.2d 464 (1962); 2 Barron and Holtzoff, Federal Practice and Procedures §§ 512, p. 104 and 513.8 (rev.ed.1961); 3 Moore, Federal Practice § 19.07 [1], p. 2226 (2d ed.1967).

6. Shields v. Barrow, 7 How. 130, 58 U.S. 130, 15 L.Ed. 158 (1854); Newland v. Edgar, 362 F.2d 911 (9th Cir.1966); Tucker v. National Linen Service Corp., 200 F.2d 858 (5th Cir.1953); Stone v. Salt Lake City, 11 Utah 2d 196, 356 P.2d 631 (1961), cert. den. 365 U.S. 860, 81 S.Ct. 827, 5 L.Ed.2d 823 (1961); 2 Barron & Holtzoff, Federal Practice and Procedure § 512, p. 101 (rev.ed.1961); 3 Moore, Federal Practice § 19.09 [5] (see also id., §§ 19.12 and 19.18) (2d ed. 1967); cf., Updegrave v. Reliance National Investors Corp., 337 F.2d 604 (9th Cir.1964).

7. Ibid.

8. Idaho R.Civ.P., 4(d) and 4(d) (3), "Service shall be made as follows: * * * upon a partnership * * *, by delivering a copy of the summons and the complaint to a member or an officer or * * *." See Annot., 136 A.L.R. 1071 (1942); cf. Lucky Five Min. Co. v. H & H Mines, Inc., 75 Idaho 423, 273 P.2d 676 (1954).

9. I.C. § 53–330; Barron v. Koenig, 80 Idaho 28, 324 P.2d 388 (1958); cf. Elliot v. Elliot, 88 Idaho 81, 396 P.2d 719 (1964).

10. Elliot v. Elliot, supra n. 9.

11. See, e.g., Lee v. Dahlin, 399 Pa. 50, 159 A.2d 679, 81 A.L.R.2d 442 (1960).

12. See Malden Trust Co. v. Brooks, 276 Mass. 464, 177 N.E. 629, 80 A.L.R. 1028

continues until liquidation of the partnership assets and disbursal according to the partnership agreement.[13]

It may be that M. R. Skelton and respondent Floyd E. Skelton were winding up or liquidating the partnership when they purchased S. R. Spencer's partnership interest. If so, the Skeltons may have acted on behalf of the partnership itself which in legal contemplation would be the actual purchaser, and service on one partner would bind the partnership.

 Respondent Idaho First National Bank further contends appellants do not plead sufficient grounds to sustain a collateral attack on the probate court's order confirming sale of S. R. Spencer's partnership interest. A probate court order may be set aside in equity if the probate court lacked jurisdiction to enter it,[14] or if the order was obtained by extrinsic fraud.[15] Appellants allege both.

Their complaint says the probate court did not follow required procedure and S. R. Spencer's minor children were not represented at the sale confirmation proceedings. These allegations may be construed as a claim of lack of jurisdiction. And considering the fiduciary responsibilities owed appellants by M. R. Skelton and respondent Floyd E. Skelton,[16] appellants' claims of willful non-disclosure plead extrinsic fraud.[17]

What facts will appear on trial of course we do not know. This opinion only shows appellants' complaint sufficiently alleges grounds for legal relief.

Judgment affirmed as to dismissal of Idaho First National Bank in its corporate capacity; judgment otherwise reversed and remanded for further proceedings according to views herein expressed.

Costs to appellants.

TAYLOR, C. J., and SMITH, McFADDEN and SPEAR, JJ., concur.

---

(1931); Malden Trust Co. v. Brooks, 291 Mass. 273, 197 N.E. 100 (1935); Curtis v. Campbell, 336 S.W.2d 355 (Ky. 1960); Moorman v. Moorman, 226 Ind. 192, 79 N.E.2d 112 (1948); Evans v. Thornton, 159 Kan. 149, 152 P.2d 853 (1944); Jackson v. Jackson, 343 Ill.App. 31, 98 N.E.2d 169 (1951); Annot., 120 A.L.R. 724, 740 (subdiv. III) (1939).

13. See Duncan v. Bartle, 188 Or. 451, 216 P.2d 1005 (1950); Hurst v. Hurst, 1 Ariz.App. 227, 401 P.2d 232, 235 (1965); 68 C.J.S. Partnership § 351, p. 860 (1950).

14. Swinehart v. Turner, 38 Idaho 602, 224 P. 74 (1924); cf., Harkness v. Utah Power & Light Co., 49 Idaho 756, 291 P. 1051 (1930).

15. Swinehart v. Turner, supra, n. 14; cf. Smutny v. Noble, 78 Idaho 628, 308 P.2d 591 (1957); Gregory v. Hancock, 81 Idaho 221, 340 P.2d 108 (1959); see also Donovan v. Miller, 12 Idaho 600, 88 P. 82, 9 L.R.A.,N.S., 524 (1906).

16. Cases cited n. 11 and n. 12, supra.

17. Cf. Parke v. Parke, 72 Idaho 435, 242 P.2d 860 (1952); Sande v. Sande, 83 Idaho 233, 360 P.2d 998 (1961); Swinehart v. Turner, supra, n. 15; Donovan v. Miller, supra, n. 15; Jorgensen v. Jorgensen, 32 Cal.2d 13, 193 P.2d 728 (1948); Chisholm v. House, 160 F.2d 632, 643 (10th Cir.1947); In Re Dryden's Estate, 155 Neb. 552, 52 N.W.2d 737 (1952); cf., Crockett v. Root, 194 Okl. 3, 146 P.2d 555 (1943).