**A.G. EDWARDS, Jr., Plaintiff,**

v.

**ELLSWORTH, May, Sudweeks, Stubbs, Ibsen, and Perry, et al, Defendants.**

**No. CIV. 95–0324–S–BLW.**

United States District Court, D. Idaho.

March 10, 1997.

A. G. Edwards, Jr, Wilton Center, NH, pro se.

Thomas D. Kershaw, Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry, Twin Falls, ID, for Defendants.

### MEMORANDUM DECISION AND ORDER

WINMILL, District Judge.

## INTRODUCTION

The Court has before it Defendants' second motion to dismiss. The motion is fully briefed and at issue. The Court rejects Defendants' arguments, but raises *sua sponte* a concern about its subject matter jurisdiction. The Court will set out its reasoning in more detail below.

## LEGAL STANDARDS GOVERNING MOTIONS TO DISMISS

A Motion to Dismiss should not be granted "unless it appears beyond doubt that Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir.1994). All allegations of material fact in the complaint are taken as true and construed in the light most favorable to the non-moving party. *Buckey v. County of Los Angeles*, 968 F.2d 791, 794 (9th Cir.), *cert. denied*, 506 U.S. 999, 113 S.Ct. 599, 121 L.Ed.2d 536 (1992). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d

242, 247 (9th Cir.1990). While amendments are liberally permitted under Rule 15(a), the district court may deny leave to amend when there has been an undue delay in bringing the motion, and the opposing party would be unfairly prejudiced by the amendments. *U.S. v. Pend Oreille Public Utility Dist. No. 1*, 28 F.3d 1544, 1552–53 (9th Cir.1994), *cert. denied*, 514 U.S. 1015, 115 S.Ct. 1356, 131 L.Ed.2d 214 (1995).

▉ Generally, the Court may not consider any material beyond the pleadings in ruling on a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.), *cert. denied*, 512 U.S. 1219, 114 S.Ct. 2704, 129 L.Ed.2d 832 (1994). If materials outside the pleadings are considered, the Motion is converted to a Motion for Summary Judgment governed by Rule 56. When the Court transforms a dismissal into a summary judgment proceeding it must inform a Plaintiff who is proceeding pro se that it is considering more than the pleadings and must afford him a reasonable opportunity to present all pertinent material. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir.1996).

## ANALYSIS

The Plaintiff A.G. Edwards Jr., has brought this action for common law fraud against five named defendants: (1) the law-firm of Ellsworth, May, Sudweeks, Stubbs, Ipsen & Perry ("the Ellsworth firm"); (2) J. Dee May, at attorney with the Ellsworth firm; (3) the Personal Representative of the estate of Lynn Wallace Rose; (4) the Executor of the Rose estate; and (5) the Administrator of the Rose estate. The Plaintiff asserts in his amended complaint that the decedent, Lynn Wallace Rose, owed him $250,000. Prior to Rose's death, Edwards sued him in this Court to recover that amount. That lawsuit was settled, with Rose stipulating to pay $30,000 over a two-and-a-half year period. Edwards asserts that Rose failed to make the required payments. When Edwards learned that Rose had died, Edwards filed a notice of claim with the estate. The claim was denied, and the Notice of Disallowance was signed by J. Dee May, attorney for the Personal Representative of the estate, Mark Rose.

The Notice of Disallowance stated that Edwards could file a protest within sixty days with the probate court. Edwards filed a protest, and also filed this suit. In his amended complaint, he explains his decision to pursue his claims in federal court as well as state court: "[T]he Plaintiff therefore is uncertain that he can maintain his position before the Rose hometown Court of Probate, he is left no alternative other than to file the within Action in that specific Court which originally oversaw Plaintiff's 1993 litigation . . ."

Edwards does not explain in his amended complaint why he fears that the probate court will "hometown" him. His complaint does, however, contain assertions that the estate's Personal Representative and the estate's counsel committed fraud. More specifically, Edwards asserts that the denial of his claim "constituted a bald contrivance to repudiate the Plaintiff's valid entitlement to be paid and to defraud the Plaintiff of his rightful proceeds—in order that these monies instead be distributed to Defendants herein named." Edwards' complaint seeks to enjoin the probate court proceedings, and to order the Rose estate to pay to Edwards the sums due to him.

The Defendants responded to the suit with a motion to dismiss, and Edwards—representing himself—filed a motion to amend. The Court granted the motion to amend and denied the motion to dismiss on the ground that Edwards should be allowed the opportunity to amend his complaint. In addition, the Court stayed this action pending resolution of the probate proceedings.

Edwards filed his amended complaint, and the Defendants filed a second motion to dismiss. The Ellsworth firm, and attorney May, assert that this suit will cost them the $5,000 deductible on their malpractice policy, and will also cause their malpractice premiums to go up. This argument has nothing to do with the merits of the second motion to dismiss and the Court will disregard it entirely.

The Defendants seek to substitute the Personal Representative (PR) of the estate for themselves. Defendants assert in their motion that the PR should be substituted in

their place pursuant to Fed.R.Civ.P. 21. That Rule states that "[p]arties may be ... added by order of the court ..." The PR is, however, already named as a party defendant in Edwards' amended complaint. Defendants do not explain how Rule 21 applies to this case, and the Court is therefore constrained to deny this line of argument.

■ Defendants May and the Ellsworth firm argue next that they did nothing more than act as the counsel for the PR who denied Edwards' claim. In support of this claim, these Defendants cite cases holding that an attorney owes only a limited duty to a third party. Defendants argue that their duty ran to their client, the PR, but not to a third party like Edwards. But even the cases cited by Defendants recognize that an attorney cannot commit fraud on a third party. Edwards' amended complaint asserts that the Defendants committed fraud upon him. As explained above in the section on the legal standards governing motions to dismiss, the Court is required to treat as true all allegations in the complaint, and construe them in a light most favorable to the Plaintiff, especially when a pro se Plaintiff is involved.

The Defendants can get past this Plaintiff-oriented rule only by transforming their motion to dismiss into a motion for summary judgment. Defendants have not expressly requested such a transformation, but they have submitted affidavits in support of the motion to dismiss. By examining matter outside the pleadings, the Court converts a motion to dismiss into a motion for summary judgment. *See, Fed.R.Civ.P. 12(b).* When a Court transforms a motion to dismiss into a motion for summary judgment "it must inform a Plaintiff who is proceeding pro se that it is considering more than the pleadings and must afford a reasonable opportunity to present all pertinent material." *Anderson,* 86 F.3d at 934. The Ninth Circuit has often reversed District Courts for failing to provide this notice. Edwards has requested additional time to submit affidavits if the Court is going to examine them, and he would be entitled to do so by Ninth Circuit rules.

■ But the Court does not need to turn the motion to dismiss into a motion for summary judgment or examine the Defendants' affidavits. The real problem with this case was not identified by Defendants, but has been explained by a long line of authority addressing the jurisdiction of federal courts to examine probate issues. This is a legal matter that does not turn on affidavits, and does not require that the motion to dismiss be changed into a motion for summary judgment.

■ This Court may raise questions about its subject matter jurisdiction at any time *sua sponte. Owen Equipment v. Kroger,* 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). A federal court has no subject matter jurisdiction over a suit seeking to interfere with probate court proceedings. *Markham v. Allen,* 326 U.S. 490, 66 S.Ct. 296, 90 L.Ed. 256 (1946); *Hilton v. Mumaw,* 522 F.2d 588, 593 (9th Cir.1975). Edwards' amended complaint seeks to enjoin the probate proceedings, and to direct the probate court to make a specific distribution of the estate's assets. By granting that relief, this Court would be engaging in the very interference proscribed by *Markham* and *Hilton.*

In his most recent briefing, however, Edwards states that he has no objection to staying this action until the probate proceeding is over. In other words, Edwards plans to use this suit as a collateral attack on the probate proceedings if he does not prevail in those proceedings. The Ninth Circuit has directed this Court to determine whether a pro se Plaintiff could state a cause of action under any circumstances. *Cook,* 911 F.2d at 247. The Court will therefore assume that Edwards would amend his complaint to drop his request for an immediate injunction to avoid any interference with the probate court that would divest this Court of jurisdiction. The Court will assume that Edwards would amend his complaint to seek a stay, and to seek to continue the stay that has been entered by this Court, until the probate proceeding is over.

■ Such an amendment would alleviate concern about interference with the probate court but would raise equally troubling ripeness concerns. The ripeness doctrine—like the probate issue—relates directly to the Court's subject matter jurisdiction, and hence may be raised by the Court *sua*

*sponte. Shelter Creek Development Corp. v. City of Oxnard,* 838 F.2d 375, 377 (9th Cir.), *cert. denied,* 488 U.S. 851, 109 S.Ct. 134, 102 L.Ed.2d 106 (1988) ("[t]he question of ripeness goes to our subject matter jurisdiction to hear the case."); *Southern Pacific v. City of Los Angeles,* 922 F.2d 498, 502 (9th Cir. 1990), *cert. denied,* 502 U.S. 943, 112 S.Ct. 382, 116 L.Ed.2d 333 (1991) (holding that the ripeness issue "may be raised *sua sponte* if not raised by the parties.").

 There is no indication in Edwards' pleadings that the probate proceeding is completed or that his protest of the disallowance has been denied by the probate court. "The ripeness doctrine precludes federal courts from exercising their jurisdiction over an action that is filed before a real dispute exists between the parties." *Hawaii Newspaper Agency v. Bronster,* 103 F.3d 742 (9th Cir.1996). There is a real question whether the allegations in Edwards' amended complaint are ripe for review because Edwards has apparently not yet received a decision from the probate court on his protest. He could conceivably obtain—in that probate action—all the relief he seeks here. This Court has no subject matter jurisdiction over an action that is not ripe. *Id.*

 Moreover, even if the probate court does deny his claim, there is a serious question whether Edwards can challenge the denial in federal court. Generally, relitigation of issues decided by a probate court is prohibited by the doctrine of res judicata. *E & J Gallo Winery v. Gallo Cattle Co.,* 967 F.2d 1280, 1287 (9th Cir.1992). There is an exception for allegations that the probate court lacked jurisdiction or entered an order tainted by extrinsic fraud. *Id.; Matter of Estates of Cahoon,* 102 Idaho 542, 633 P.2d 607 (1981); *Spencer v. Spencer,* 91 Idaho 880, 434 P.2d 98 (1967). A probate court could lack jurisdiction when it fails to follow the statutorily-mandated probate procedures. *Spencer,* 91 Idaho at 885, 434 P.2d 98. "Extrinsic fraud essentially entails preventing a party from presenting all of his case to the court as opposed to defrauding the party with respect to the substantive rights being adjudicated at a proceeding." *Gallo,* 967 F.2d at 1280. Extrinsic fraud would occur when a Personal Representative willfully fails to give the statutorily-required notice to interested parties. *Matter of Estates of Cahoon,* 102 Idaho at 549, 633 P.2d 607.

 Edwards' amended complaint does not contain any claim of extrinsic fraud. Edwards simply asserts that he filed a claim against the estate; that the claim was denied; and that he filed a protest of that denial with the probate court. Nowhere in the amended complaint is there any allegation that Edwards suffered any injury because something was concealed from him or because he was prevented from presenting his case to the probate court. His own amended complaint shows that he was able to present his claim and to appeal its disallowance to the probate court. There is also no claim that the probate court lacks jurisdiction because it failed to follow statutorily-mandated procedures. Thus, even if the probate court has ruled against Edwards, the ruling would be res judicata—and hence unassailable—in this Court because Edwards has not even alleged extrinsic fraud or lack of jurisdiction.

 Edwards has not filed a motion to amend his amended complaint. The Ninth Circuit has ruled, however, that even in the absence of a motion to amend, the Court must determine whether the inadequate pleadings could be cured by the allegation of other facts. *Cook,* 911 F.2d at 247. In this case, Edwards' amended complaint does not allege facts sufficient to confer subject matter jurisdiction in this Court. An amendment would only cure the problem if it contained the following:

(1) A claim that the probate court had denied his protest of the disallowance of his claim by the Personal Representative; and

(2) A claim that he was prevented by the fraud of Defendants from presenting some part of his case to the probate court and/or that the probate court failed to follow statutorily-mandated procedures due to the fraud of the Defendants.

 The Ninth Circuit rule allowing pro se litigants every opportunity to amend their complaint requires that Edwards be given one additional opportunity to amend. The Court will give Edwards ten days from the

date of this decision to file a second amended complaint that contains the claims listed above or face dismissal of his suit. The Court will not accept allegations that are devoid of detail. Edwards has been allowed two past chances to get his complaint right, and the Defendants are entitled to know in detail the claims against them. The second amended complaint must include sufficient detail to apprise the Defendants of the specific manner in which their fraud prevented Edwards from presenting his case to the probate court and/or the specific fraud of Defendants that caused the probate court to fail to follow statutorily-mandated procedures, and what specific procedures the probate court failed to follow. In addition—as listed above—the second amended complaint must include an assertion that Edwards' protest of his disallowance was denied by the probate court. Until that denial, Edwards' claims of fraud are not ripe.

### ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that the second motion to dismiss (Docket No.19) shall be, and the same is hereby, GRANTED IN PART AND DENIED IN PART. The motion is granted to the extent that this action will be dismissed unless Plaintiff can amend his amended complaint to meet the requirements set out in the Memorandum Decision above. The motion is denied in all other respects, including those portions of the motion seeking reconsideration of the Court's earlier order, and substitution of the personal representative of the estate.

IT IS FURTHER ORDERED, that Plaintiff shall file with the Clerk of the Court a second amended complaint meeting the requirements of the Memorandum Decision set out above within ten (10) days from the date of this Order or face dismissal of this action with prejudice and without further notice.